383 P.2d 869

**The STATE of Arizona, Appellee,**

**v.**

**Walter B. BUCKMASTER, Appellant.**

**No. 1315.**

Supreme Court of Arizona.

In Division.

July 11, 1963.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Phoenix, for appellee.

Denzil G. Tyler, Winslow, for appellant.

LOCKWOOD, Justice.

Walter B. Buckmaster was convicted on his plea of guilty to each of two counts in an information charging Obtaining Money or Property by Bogus Check, and was sentenced to imprisonment in the Arizona State Prison for not less than three (3) nor more than five (5) years on each count, the two sentences to run concurrently. He now appeals on the grounds that (1) the court erred in failing to consolidate the two counts into one, as there was only one victim and both checks were written on the same date, and (2) the sentences were excessive inasmuch as this was his first offense.

Both assignments are without merit. The facts show that defendant purchased from Holbrook Auto Sales a 1955 GMC ¾ ton pickup and paid for the same with a check in the sum of $465.50. The defendant also presented another check to the same victim for $20.00 and received money in consideration thereof. Defendant does not deny that both checks were false and bogus.

The effect of a plea of guilty is the same as if the defendant had been tried before a jury and had been found guilty upon evidence covering all material facts. Bridges v. United States, 259 F.2d 611 (9 Cir., 1958). Further, although both the checks may have been issued to one person each check under the circumstances in this case did constitute a separate crime under A.R.S. § 13–311.[1]

Within the limits of the penalty prescribed by law, the sentence upon conviction of a crime is within the sound discretion of the trial judge. "[H]e should consider not only the circumstances of the offense charged but also the moral character and past conduct of the defendant himself in order that he may grade the punishment in accordance [therewith]." State v. Castano, 89 Ariz. 231, 360 P.2d 479 (1961). The record shows that the defendant has a long criminal record of writing bad or

1. "A person who, with intent to cheat and defraud, obtains or attempts to obtain from any other person, *money, property*, or valuable thing, by means or by use of *any* false or bogus check * * * is guilty of a felony punishable by imprisonment in the state prison for not less than one nor more than five years." (Emphasis supplied.)

bogus checks and forgery. We find there was no abuse of the trial court's discretion.

Judgment affirmed.

STRUCKMEYER and JENNINGS, JJ., concur.