386 P.2d 790

**STATE of Arizona, Appellee,**

v.

**George SALINAS, Appellant.**

**No. 1367.**

Supreme Court of Arizona.

In Division.

Nov. 20, 1963.

Claude Olney, Jr., Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., and Charles N. Ronan, County Atty., for appellee.

BERNSTEIN, Chief Justice.

Defendant pleaded guilty to the crime of second degree rape and was sentenced to not less than 20 nor more than 40 years imprisonment. He appeals on the basis that the sentence is excessive.

Defendant was charged with the rape of his 11 year old step-daughter. He is the father of five other children by his common-law wife. He has no prior felony convictions. He contends that under the circumstances the sentence was excessive.

■ The statute under which defendant was sentenced authorizes imprisonment for any term of years in excess of one year, including a life sentence. A.R.S. § 13–614 (B). It is within the sound discretion of the trial judge to determine an appropriate sentence under the statute. State v. Rubio, Ariz., 385 P.2d 1017; State v. Quintana, 92 Ariz. 308, 376 P.2d 773; State v. Castano, 89 Ariz. 231, 360 P.2d 479.

■ The legislature has empowered this court to reduce a penalty which under the circumstances appears to be excessive. A.R.S. § 13–1717. But this power must be exercised with extreme caution. The imposition of sentence is largely within the discretion of the trial court for the reason that the trial judge has the defendant before him and is thus in the best position to evaluate the possibilities for his rehabilitation. As we said in State v. Maberry, 93 Ariz. 306, 380 P.2d 604 (1963):

> "We have traditionally been prone to uphold a sentence declared by a trial judge when it is in conformity with the statute and there is no clear evidence that he has abused his power in the particular case." 93 Ariz. at 309, 380 P.2d at 606.

It was apparently the conclusion of the trial judge that this defendant's rehabilitation and the protection of society would be most effectively realized through confinement for a considerable period of time. Moreover, by good behavior the defendant

can gain credit on time served so that he can obtain release before the expiration of the minimum 20 years of the sentence. A.R.S. §§ 31–251, 31–252.

Finding no abuse of discretion by the trial judge in the sentencing of the defendant, this court must affirm the judgment.

STRUCKMEYER and JENNINGS, JJ., concurring.