393 P.2d 921

**STATE of Arizona, Appellee,**

v.

**John DeWayne BURRELL, Appellant.**

**No. 1437.**

Supreme Court of Arizona.

En Banc.

July 9, 1964.

**234**

Robert W. Pickrell, Atty. Gen. and E. D. McBryde, Pinal County Atty., for appellee.

Thomas A. McCarville, Eloy, for appellant.

BERNSTEIN, Justice.

Appellant was found guilty after a trial by jury in Pinal County Superior Court of the felonies of escape from the State Prison and robbery (three counts). The jury acquitted appellant on kidnapping counts of the information, and two grand theft counts had been dismissed by the trial court. Appellant was sentenced to four indeterminate consecutive terms in the State Prison, to begin at the expiration of the sentence he was serving at the time of his escape. Counsel was appointed to represent him at the trial, and this counsel was furnished with a transcript of the record at the preliminary hearing. We have before us the transcript of the trial proceedings, in two volumes, and the complete record.

Appellant filed his notice of appeal in propria persona, and counsel, other than the counsel who represented him at the trial, was appointed pursuant to A.R.S. § 13–161 to handle this appeal. Counsel advised this court by written comunication that he has searched the record and has been unable to find grounds on which an appeal could be based. This court ordered the appeal submitted. Having examined the record, transcript and the instructions and ruling of the trial court, we have found no reversible error. Under A.R.S. § 13–1715 the court must search the record for fundamental error in all criminal appeals. Hockett v. State, 21 Ariz. 205, 186 P. 586 (1920).

The procedure followed in the case, and generally followed in like cases by this court, is in accord with the best practice as described by the United States Supreme Court in Hardy v. United States, 375 U.S. 277, 281, 84 S.Ct. 424, 427, 11 L.Ed.2d 331, 335 (Jan. 6, 1964). In that case the court said:

"The duty of counsel on appeal, as we noted in Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060, is not to serve as *amicus* to the Court of Appeals, but as advocate for the appellant:

" 'Normally, allowance of an appeal should not be denied until an indigent has had adequate representa-

tion by counsel. Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593. In this case, it appears that the two attorneys appointed by the Court of Appeals, performed essentially the role of *amici curiae*. But representation in the role of an advocate is required. If counsel is convinced, *after conscientious investigation,* that the appeal is frivolous, of course, he may ask to withdraw on that account. If the court is satisfied that counsel *has diligently investigated* the possible grounds of appeal, and agrees with counsel's evaluation of the case, then leave to withdraw may be allowed and leave to appeal may be denied.' "

The counsel appointed by the court has acted as an advocate for the defendant, and not as amicus curiae. We are satisfied that he has made a conscientious investigation, and agree with his conclusion that there are no grounds for a successful appeal

The procedure, we have followed here completely protects the rights of the defendant and at the same time does not burden the court with consideration of groundless appeals.

Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.