399 P.2d 121

**STATE of Arizona, Appellee,**

**v.**

**John J. SZOYKA and Melton N. Szoyka, Appellants.**

No. 1533.

Supreme Court of Arizona,

En Banc.

Feb. 10, 1965.

Robert W. Pickrell, Atty. Gen., by Sterley Newell, Asst. Atty. Gen., and George M. Ireland, Yavapai County Atty., for appellee.

Head & Palmer, Prescott, for appellants.

PER CURIAM.

Appellants, co-defendants and brothers, were charged with two counts each of first degree burglary in violation of A.R.S. § 13–302. They pleaded not guilty, were tried together and each were found guilty by the jury on both counts. They were represented at the trial by appointed counsel, and were sentenced to from two to five year terms on each count, the sentences to run concurrently.

Approximately 11:00 p. m. one of defendants entered a telephone booth outside of a tavern. The owner of the tavern testified that the two defendants drove up to the phone booth and one of them got out of the car and went into the booth. There was a noise and defendant left the booth and went back to the car with something bulky under his coat. Defendant was observed "working on something" in the car. The other defendant then left the car and went into the booth. He was observed "fooling with the coin box." The owner of the tavern then flashed the light in the phone booth off and on by means of a remote control switch and the defendant left the booth and both defendants drove

off. The tavern owner then went into the phone booth and found the lock on the telephone cash box had been "tore off". He called the police and after calling them he went to a telephone booth approximately a block from his place of business and found the telephone in the same condition.

After the police arrived the tavern owner went with them in the direction defendants had driven. He recognized their car outside a nearby bar. The tavern owner and the police went into the bar where the tavern owner identified the defendants and they were arrested. A gun used to shoot nails into cement equipped with a silencer was found in their car. A gun of this type fires nails and the locks on both telephones had been damaged by having nails shot into them.

Defendants admitted having been in both phone booths at the time of the alleged burglaries, but claimed to have been trying unsuccessfully to make a telephone call. They admitted ownership of the cement gun.

Appellants filed their notices of appeal in propria personae and counsel was appointed by the trial court pursuant to A.R.S. § 13–161 to handle the appeal. Counsel advised this court by written communication that he had searched the record and transcript of evidence and was unable to find grounds upon which an appeal could be based. On examination of the record and the two volumes of transcript of testimony we find no reversible error. State v. Burrell, 96 Ariz. 233, 393 P.2d 921.

Affirmed.