402 P.2d 14

**STATE of Arizona, Appellee,**

v.

**Richard ORTIZ, Appellant.**

**No. 1557.**

Supreme Court of Arizona.

En Banc.

May 12, 1965.

Darrell F. Smith, Atty. Gen., Phoenix, Warner Leppin, Deputy Navajo County Atty., Holbrook, for appellee.

Fred O. Wilson, Holbrook, for appellant.

McFARLAND, Justice:

Appellant, hereafter designated defendant, entered a plea of guilty to seven counts of Arson in the First Degree in violation

of A.R.S. § 13–231, two counts of Arson in the Second Degree in violation of A.R.S. § 13–232, and one count of Attempted Arson in the Second Degree in violation of A.R.S. § 13–108 and A.R.S. § 13–232. Defendant was also charged with a prior conviction in the Superior Court of Arizona in the County of Navajo for the crime of Burglary in the First Degree, a felony. Defendant admitted the prior conviction. He was represented by counsel at the time he pleaded guilty and a hearing was held before sentencing. Witnesses were sworn, and exhibits introduced. The record shows that defendant made a statement in which he enumerated places that he had set on fire; that he felt he had a mental problem, and needed help; and had considered turning himself in to the police because he was afraid that he might hurt someone. The court, in sentencing defendant, ordered the county attorney to request psychiatric care and treatment for defendant while he was in the Arizona State Prison. Defendant was sentenced as follows:

A term of 10 to 18 years on the first count of Arson in the First Degree; a term of 10 to 18 years on the second count of Arson in the First Degree, the sentence to run consecutively with that imposed on count one.

On the third count of Arson in the First Degree, the sentence was as follows:

"On Count 3 of the Information, the Court hereby suspends the time for passing of sentence for a period of 18 years after he is released from the State Penitentiary, under the following terms and conditions:

"1—You shall obey all of the laws of the land.

"2—You shall report once every calendar month to the chief of police of Winslow, Arizona giving full details of your activities.

"3—You shall, upon release from the State Penitentiary, use your best efforts to get a voluntary commitment to the Arizona State Hospital.

"4—You shall consult monthly with your priest.

"If you violate any of the terms of this probation, you can be brought back into Court and dealt with as the law provides, without further charges being filed against you."

On the fourth, sixth, and seventh counts of Arson in the First Degree, terms of 10 to 18 years, to run concurrently with count one, were imposed. On the fifth count of Arson in the First Degree a term of 10 to 18 years, to run concurrently with count two, was imposed. On both counts 8 and 9, Arson in the Second Degree, the sen-

tence was a term of 10 to 18 years, to run concurrently with count one. On count 10, charging Attempted Arson in the Second Degree, the sentence was a term of 1 to 2 years, to run consecutively with the sentences pronounced in counts one and two.

 Defendant filed his Notice of Appeal in propria persona, and counsel was appointed by the trial court, pursuant to A. R.S. § 13–161, to handle his appeal. Counsel advised this court by written communication that he had studied the record, and found no matter or issue which should be the subject of a brief, and waived the filing of an opening brief. The court thereafter ordered the appeal submitted on the record. In State v. Burrell, 96 Ariz. 233, 393 P.2d 921, we said:

> " * * * Counsel advised this court by written communication that he has searched the record and has been unable to find grounds on which an appeal could be based. This court ordered the appeal submitted. Having examined the record, transcript and the instructions and ruling of the trial court, we have found no reversible error. Under A.R.S. § 13–1715 the court must search the record for fundamental error in all criminal appeals. Hockett v. State, 21 Ariz. 205, 186 P. 586 (1920).

> "The procedure followed in the case, and generally followed in like cases by this court, is in accord with the best practice as described by the United States Supreme Court in Hardy v. United States, 375 U.S. 277, 281, 84 S.Ct. 424, 427, 11 L.Ed.2d 331, 335 (Jan. 6, 1964)." 96 Ariz. at 234, 393 P.2d at 922.

A.R.S. § 13–231 makes the punishment for Arson in the First Degree imprisonment for not less than two nor more than twenty years. Punishment for Arson in the Second Degree is time in the state prison for not less than one nor more than ten years. A.R.S. § 13–110 reads:

> "A person who attempts to commit a crime shall be punished, where no provision is made by law for the punishment of such attempt, as follows:
> "1. If the offense so attempted is punishable by imprisonment in the state prison for five years or more or by imprisonment in the county jail, by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one half the longest term of imprisonment prescribed upon conviction of the offense so attempted." 5 A.R.S. (1956) 11

 Defendant admitted a conviction of a prior felony-burglary in the first degree— which increases the statutory limits for punishment. A.R.S. § 13–1649. All of the sentences under counts 1, 2, 4, 5, 6, 7, 8, 9 and 10 are within the statutory limits, and

there is no showing that they are excessive. They must be affirmed. State v. Corrales, 95 Ariz. 401, 391 P.2d 563; State v. Jones, 95 Ariz. 4, 385 P.2d 1019; State v. Salinas, 95 Ariz. 62, 386 P.2d 790.

We note that suspending of passing of sentence is for eighteen years, and starts at the time appellant is released from the state penitentiary. Suspension of sentence and probation is permitted by A.R.S. § 13–1657, which reads in applicable part:

> "The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension."

Since under the prior-conviction statute the first degree arson could be for a maximum of life, the eighteen years is within the statutory period. However, it will be noted that the maximum sentence on the other counts in the state prison is 38 years. Assuming that he had to serve the maximum sentence he would be under probation 56 years from the date of his sentence. This could well mean that defendant would be either in prison or under probation the rest of his natural life. We are therefore of the opinion that the sentence under count 3 should be from the date of sentence; that the sentence under counts 1, 2, 4, 5, 6, 7, 8, 9 and 10 be affirmed; and, under authority of A.R.S. § 13–1717, it is ordered that the suspension of sentence be modified as follows:

> "On Count 3 of the Information, the Court hereby suspends the time for passing of sentence for a period of 18 years from the date of October 5, 1964, under the following terms and conditions: * * *"

The terms and conditions are to remain the same.

The able counsel appointed by the court was unable to find issues upon which an appeal could be based. We have also carefully examined the record, and find no reversible error.

The judgment is affirmed as modified.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concur.