403 P.2d 806

**STATE of Arizona, Appellee,**

**v.**

**Robert ALFORD, Appellant.**

**No. 1435.**

Supreme Court of Arizona,

En Banc.

July 1, 1965.

Robert W. Pickrell, Atty. Gen., Paul G. Rosenblatt, Asst. Atty. Gen., and Robert Warden, County Atty., of Coconino County, for appellee.

John H. Grace, Flagstaff, for appellant.

BERNSTEIN, Justice.

In his motion for rehearing appellant calls our attention to a reference which we made: "A plea of not guilty by reason of insanity". This statement may be misleading. Despite the title to Rule 192, Rules of Criminal Procedure, "Plea of not guilty by reason of insanity * * *" there is no such separate plea. The pleas permitted are listed in Rule 178, Rules of Criminal Procedure, and the only pleas that cover all facts in issue are "guilty" and "not guilty". The proper forms for these pleas are given in Rule 179, Rules of Criminal Procedure. The rule in the case of Leonard v. State, 17 Ariz. 293, 151 P. 947, that in a prosecution for homicide, defendant, under the general plea of not guilty, may set up the defense of insanity, alibi and self-defense has not been changed by the adoption of the Rules of Criminal Procedure. If notice of intention to introduce evidence of insanity is given under Rule 192, the court must permit the introduction of such evidence by the defense. If no such notice is given, it is within the sound discretion of the trial court to decide whether evidence touching on insanity will be allowed. State v. Reid, 87 Ariz. 123, 348 P.2d 731.

Appellant here followed the procedure appropriate to protect all his rights. On July 30, 1963 he entered a plea of "not guilty". On September 19, 1963 he filed his notice of intention under Rule 192 to show evidence of insanity. The plea of not guilty was withdrawn on September 20, 1963, and a plea of guilty entered. The effect of the plea of guilty is the same as if the appellant had been tried before a jury and had been found guilty upon evidence covering all material facts, including the facts relating to insanity. State v. Buckmaster, 94 Ariz. 314, 383 P.2d 869; State v. Anderson, 96 Ariz. 123, 392 P.2d 784. After the plea of guilty was entered no further action with regard to the notice of intent filed under Rule 192 was necessary.

The matters discussed herein, however, do not affect the conclusion reached in our prior decision.

The motion for a rehearing is denied.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.