404 P.2d 832

James W. RUGG, Plaintiff-Petitioner,

v.

Waldon V. BURR, Sheriff of Pima County, Arizona, Defendant-Respondent.

No. 2 CA–CR 31.

Court of Appeals of Arizona.

Aug. 17, 1965.

---

Sidney L. Kain, Tucson, for plaintiff-petitioner.

Norman E. Green, County Atty., Pima County, Howard Kashman, Deputy County Atty., Tucson, for defendant-respondent.

KRUCKER, Chief Judge.

In Rugg v. Burr (1965) 1 Ariz.App. 280, 402 P.2d 28, this Court entered its opinion on May 19, 1965, holding that the appellant herein, James W. Rugg, was not entitled to a stay in extradition proceedings and appellant herein took appeal to the Supreme Court of Arizona, which the Supreme Court treated as a petition for review under Rule 47(b) for the sole purpose of allowing appellant to stay execution in habeas corpus proceedings.

Appellant, James W. Rugg, had filed in the Superior Court of Pima County, Arizona, an application for a writ of habeas corpus on May 7, 1965. The granting of petition for review by the Supreme Court is understood by this Court to stay the proceedings in Rugg v. Burr, supra, until this writ can be determined.

The court below, on May 12, 1965, Honorable Jack G. Marks holding a hearing, quashed the writ of habeas corpus. From that ruling this appeal is taken. Appellant was represented at all times by appointed counsel.

Stipulation was filed in this Court on July 2, 1965, extending the time for filing opening briefs until August 3, 1965.

On July 29, 1965, counsel for appellant has filed in this Court an affidavit stating, in effect, that he has examined the entire record of this case on appeal and can find no error and, in effect, saying that the trial court was correct in quashing the writ of habeas corpus. We have examined the entire record before us and can find no error on the part of the lower court.

In accordance with the doctrine laid down by the Supreme Court of this State on many occasions and particularly in State v. Burrell (1964), 96 Ariz. 233, 393 P.2d 921, where counsel has advised the court by written communication that a search of the record has not disclosed grounds on which an appeal could be based, the appeal is considered submitted. Counsel appointed by the court has acted as an advocate for the defendant, and not as amicus curiae. We are satisfied that he has made a conscientious investigation, and agree with his conclusion that there are no grounds for a successful appeal. The procedure we have followed here completely protects the rights of the defendant and at the same time does not burden the court with consideration of groundless appeals.

Therefore, the ruling of the lower court in quashing the writ of habeas corpus is affirmed and the appeal is dismissed.

HATHAWAY and MOLLOY, JJ., concur.