406 P.2d 241

**The STATE of Arizona, Appellee,**

**v.**

**Floyd Max SHUMWAY, Appellant.**

**No. 2 CA–CR 25.**

Court of Appeals of Arizona.
Sept. 30, 1965.

Rehearing Denied Nov. 3, 1965.
Review Denied Jan. 18, 1966.

**40**

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, Pima County Atty., Tucson, for appellee.

Royal G. Bouschor, II, Tucson, for appellant.

KRUCKER, Chief Judge.

Appellant, Floyd Max Shumway, was tried before a jury in the Superior Court of Pima County, Arizona, on February 1, 1965, on an information charging drawing checks on insufficient funds, four counts. Each count of the information also alleged a previous conviction of felonies, two being in the State of California—the crime of escape and a violation of § 503 of the Motor Vehicle Code; one conviction in the United States District Court, Southern District of California—violation Dyer Act; and, robbery in the State of Arizona in 1951. All of the prior convictions were admitted by the defendant at the start of the trial.

The jury returned verdicts of guilty on all four counts and the defendant was sentenced to a term of not less than four nor more than five years on each count, the sentences to run consecutively.

Notice of appeal was timely filed April 16, 1965. On June 17, 1965, counsel for appellant filed a petition in this Court stating that he had examined the record and transcript and was unable to find grounds on which an appeal could be based. Counsel further brings to the Court's attention four points requested by the defendant and which defendant wishes raised. These four points are as follows:

(a) Defendant has been placed in double jeopardy under A.R.S. § 13–145.

(b) The information filed against the defendant is illegal in that there are four

priors filed on the same information, contrary to Rule 134, subsec. A, Rules of Criminal Procedure.

(c) Two of the four priors on the information were illegally filed.

(d) Defendant feels that the charges in the information are cumulative in nature and with the same intent and consequently in the interests of justice the sentences should run concurrently and not consecutively.

We will take up the four points raised by the defendant. (a), double jeopardy. We see no merit to this claim of double jeopardy. The information charges four distinct and different offenses. No citation is given. Charging a prior offense in an information does not constitute double jeopardy. The record does not disclose any other criminal charges or prosecutions for the offenses charged in the information.

(b), four prior offenses are alleged in the information, one at the end of each count. Rule 134, subsec. A, Rules of Criminal Procedure, 17 A.R.S., states that not more than two prior offenses shall be alleged in an indictment or information and we believe it is a violation of this rule to allege four. However, there is no prejudice to the defendant. We believe the purpose of the rule is to prevent undue prejudice to a defendant before a jury and, of course, to fix a greater penalty by the court in sentencing. In the appeal before us, prior convictions were admitted by the defendant in the absence of the jury at the time of trial.

The trial judge could, at the time of sentencing, take into consideration the entire record of the defendant, whether the prior offenses were alleged or not. If not admitted it would be prejudicial under Rule 134, subsec. A to allow more than two prior convictions to be proved, but this was not necessary.

In the instant case, the penalty is not specified under A.R.S. § 13–316, as amended, except to state that it is a felony. Going to A.R.S. § 13–1645, the punishment for a felony where not specified, is not to exceed five years.

The court in fixing sentence assessed a penalty of not less than four years nor more than five years on each count. There is, in fact, no increase in the penalty because of the alleged prior convictions.

(c), appellant complains that two of the alleged prior convictions were from another state and that one was in the United States Court for a violation of the Dyer Act, not punishable if committed in Arizona. We think this point is fully covered by A.R.S. § 13–1649 and § 13–1650. The latter deals with alleged prior convictions in a court without the State of Arizona. Also see Valdez v. State, 49 Ariz. 115, 65 P.2d 29, (1937).

As to (d), as stated previously, there are four distinct offenses charged in the information. They are not related or cumulative. The sentences are not unjust nor are they too severe.

Having searched the entire record before this Court, and in line with State v. Burrell, 96 Ariz. 233, 393 P.2d 921, (1964), and Rugg v. Burr, 1 Ariz.App. 488, 404 P.2d 832, (1965), counsel for defendant has advised the Court that he has searched the entire record without finding grounds for reversal. We agree, and we find none.

Therefore, the judgment of the lower court is affirmed and the appeal is dismissed.

HATHAWAY and MOLLOY, JJ., concurring.