406 P.2d 745

**STATE of Arizona, Appellee,**

v.

**Talman ANDRESS, Appellant.**

**No. 1 CA–CR 18.**

Court of Appeals of Arizona.

Oct. 20, 1965.

———◇———

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Sheldon Stern, Phoenix, for appellant.

HATHAWAY, Judge.

The appellant was charged with aggravated assault and bound over to the Superior Court of Maricopa County, Arizona, on October 8, 1964. The offense charged was subsequently reduced to malicious mischief and the appellant entered a guilty plea thereto. He was fined $200 and sentenced to six months imprisonment in the county jail.

The appellant bases his appeal on the grounds that the six months jail sentence, together with a fine in the sum of $200, is excessive and constitutes an abuse of the trial court's discretion. He urges this court to modify the judgment under the authority of A.R.S. § 13–1717, subsec. B.

The facts of the case which appellant sets forth in his brief show that his conviction had evolved from the tossing of a "cherry bomb" from an automobile, in which he was riding with two companions, into another moving vehicle. The exploding missile caused burns to the driver of the other vehicle, for which he received hospital treatment.

It is well settled in this jurisdiction that if sentence upon conviction of a crime is within the limits of the penalty prescribed by appropriate statute, it will not be revised or reduced on appeal unless it clearly appears the sentence imposed is excessive, resulting in an abuse of discretion. State v. Sowards, 98 Ariz. ——, 406 P.2d 202, filed September 24, 1965; State v. Morris, 97 Ariz. 417, 401 P.2d 147 (1965); State v. Salinas, 95 Ariz. 62, 386 P.2d 790 (1963); State v. Buckmaster, 94 Ariz. 314, 383 P. 2d 869 (1963); State v. Castano, 89 Ariz. 231, 360 P.2d 479 (1961). As stated by our Supreme Court in State v. Maberry, 93 Ariz. 306, 380 P.2d 604 (1963):

> "Because a defendant appears in person before the trial judge, the trial judge is, in most instances, better able than we to evaluate him and to determine what is necessary to rehabilitate him to constructive activity. It is for this reason that the legislature has given the trial court wide discretion to sentence a defendant for a period somewhere between a statutory minimum and a statutory maximum. * * We have traditionally been prone to uphold a sentence declared by a trial

judge when it is in conformity with the statute and there is no clear evidence that he has abused his power in the particular case."

Admitting in his brief that his record " * * * surely leaves something to be desired * * *," appellant points out that he is now engaged to be married and is a student at Phoenix College. The record before us reveals no abuse of discretion by the trial judge in the imposition of sentence. Appellant was represented by counsel throughout the proceedings and received a sentence which is within the limits prescribed by A.R.S. § 13–1645.

Judgment affirmed.

NOTE: This cause was decided by the Judges of Division Two as authorized by § 12–120, subsec. E.

KRUCKER, C. J., and MOLLOY, J., concurring.