413 P.2d 276

**STATE of Arizona, Appellee,**

v.

**Charlie DENMON, Appellant.**

**No. 2 CA–CR 55.**

Court of Appeals of Arizona.

April 20, 1966.

Rehearing Denied June 14, 1966.

Review Denied July 12, 1966.

Darrell F. Smith, Atty. Gen., Norman E. Green, Pima County Atty., Lars Pederson, Deputy County Atty., Pima County, Tucson, for appellee.

Richard E. Bailey, Tucson, for appellant.

KRUCKER, Chief Judge.

Appellant, Charlie Denmon, was tried and convicted of the crime of grand theft, in violation of A.R.S. § 13–661 and § 13–663. From the conviction and sentence to the Arizona State Prison he appeals.

Appellant's court appointed counsel has filed an affidavit in this Court stating that he has corresponded with appellant, discussed the case with the defense counsel in the trial court, examined the file and the reporter's transcript of the trial and has examined all proceedings which have occurred in the matter and states that he finds no reversible or prejudicial error, no abuse of discretion in sentence, no violation of any constitutional right, and that there exists no basis on which an appeal can be predicated.

█ In accordance with the mandate of A.R.S. § 13–1715, subsec. B, and the numerous cases applying the doctrine that the appellate court must search the record for fundamental error in all criminal appeals, this Court has also examined the entire record in this case and can find no error. We are compelled to agree with appellate counsel that the record discloses no error and, therefore, hold that no error or violation of any of the appellant's rights occurred during proceedings in the lower court and no basis upon which an appeal can be based exists. State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964); State v. White, 2 Ariz.App. 455, 409 P.2d 739 (1966); State v. Garrett, 2 Ariz.App. 227, 407 P.2d 416 (1965); State v. Shumway, 2 Ariz.App. 39, 406 P.2d 241 (1965); Rugg v. Burr, 1 Ariz.App. 488, 404 P.2d 832 (1965).

The judgment of the lower court is accordingly affirmed.

HATHAWAY and MOLLOY, JJ., concur.