413 P.2d 575

STATE of Arizona, Appellee,

v.

Danny W. COUNTERMAN aka Daniel W. Counterman, Appellant.

I CA–CR 78.

Court of Appeals of Arizona.

April 27, 1966.

Rehearing Denied May 25, 1966.

Review Denied June 14, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Judge.

This is a review for fundamental error pursuant to 13–1715 A.R.S.

Complaint was filed on 19 April, 1965, charging the defendant with a felony, to wit, assault with a deadly weapon. An attorney was appointed to represent him, 30 April, 1965, and the defendant was represented by counsel both at the preliminary hearing, held 20 May, 1965, and at the trial before a jury commencing 22 September, 1965.

Upon motion duly made by defense counsel, two psychiatrists were appointed to examine defendant pursuant to Rule 250, Rules of Criminal Procedure, 17 A.R.S., and the trial court found on 17 September, 1965, that the defendant was able to understand the proceedings and to assist in his defense and ordered the matter to proceed to trial. The defendant entered a plea of not guilty, and not guilty by reason of insanity, and the jury returned a verdict of guilty. The court adjudged the defendant guilty, and sentenced him to not less than five nor more than eight years in the Arizona State Penitentiary.

The defendant filed notice of appeal in propria persona and the Maricopa County Public Defender's Office was appointed to represent defendant on appeal. We were informed by the Public Defender's Office that they had reviewed the record and were unable to find any reversible error. We therefore must search the record for fundamental error pursuant to 13–1715 A.R.S. State v. Garcia, 1 Ariz.App. 134, 400 P.2d 341 (1965), State v. Tannahill, 1 Ariz.App. 281, 402 P.2d 29 (1965).

Defendant, in his petition to this Court, attacks the sufficiency of the evidence and contends that the sentence was excessive.

We have read the transcript of record and we believe that the evidence was more than sufficient from which a jury

might find the defendant guilty of the crime as charged.

The sentence being within the limits of the penalty (one to ten years) as provided by the statute (13–249 A.R.S.), we will not review the discretion of the trial court on appeal. State v. Andress, 2 Ariz. App. 110, 406 P.2d 745 (1965), State v. Goodyear, 98 Ariz. 304, 404 P.2d 397 (1965).

The record discloses that the defendant was represented by counsel at all stages of the proceedings, and a complete examination of the entire record before us fails to reveal reversible error. State v. Garcia, supra, State v. Tannahill, supra, State v. Szoyka, 97 Ariz. 223, 399 P.2d 121 (1965).

The judgment and sentence are affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.