420 P.2d 184

**STATE of Arizona, Appellee,**

v.

**Paul C. SLANKARD, Appellant.**

**No. 1 CA–CR 100.**

Court of Appeals of Arizona.

Nov. 2, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Harlan Heilman, Yuma, for appellant.

STEVENS, Chief Judge.

The defendant was tried and convicted under an Information which charged him with two felony counts, burglary and assault with a deadly weapon. He was sentenced for a term of not less than one year nor more than three years on the burglary count and for not less than seven years nor more than ten years for the assault with a deadly weapon, the terms to run concurrently.

The indigent defendant was represented at the preliminary hearing and trial by appointed counsel. Different counsel was appointed for purposes of appeal. The newly-appointed counsel filed a Motion to Submit on Record for Examination for Fundamental Error. In this he stated that he had "diligently searched, reviewed and studied the said record on appeal without finding reversible error upon which to base an appeal". Counsel also indicated that the attorney, who tried the case to the jury, was unable to find any basis for appeal and that counsel on appeal had requested information from the defendant but had received no response. Under the provisions of Section 13–1715 A.R.S. the Court must search the record for fundamental error. State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964); State v. Counterman, 3 Ariz.App. 244, 413 P.2d 575 (1966).

On 28 March 1966, the defendant, a 17 year old who was AWOL from the Navy, entered the Salvation Army Thrift Store located in Yuma, Arizona. This was at 4:15 p. m. Following a short conversation with two clerks at the front of the store, the defendant proceeded to a bookshelf. He was absent from that point for a few minutes, reappeared only to again disappear. The clerks, not being able to find the defendant and fearing foul play, summoned a policeman. The officer left after investigating the area without success. The operators of the store, Mr. and Mrs. Gust Ry-

dell, arrived some time before 5:00 p. m., the regular closing time. After the clerks left, Mr. and Mrs. Rydell searched for the defendant. He was unaware that he was discovered hiding under a bed near the bookshelf by Mrs. Rydell, who informed her husband of the fact. The Rydells called the police, and Officers Bauer and Huff arrived a few minutes later. They could not find the defendant under the bed. While talking to Mr. Rydell, however, Officer Bauer saw a movement in a clothes rack also near the bookshelf. He approached the rack and found the defendant lying on the floor underneath the clothes. He tapped the defendant on the head and ordered him to come out. The defendant slowly came out with his back to Officer Bauer, whirled, pointed a pistol at the officer and fired it. The bullet struck Officer Bauer's handcuff case. The defendant then threw his pistol to the floor and ran away yelling he did not mean to shoot a policeman. Officer Huff ran toward the commotion and immediately apprehended the defendant.

The evidence is sufficient to support convictions under both counts of the Information. The defendant apparently intended to shoot a human being not then knowing him to be a police officer. The fact that the defendant did not mean to shoot a police officer does not take away a necessary element to the crime of assault with a deadly weapon. Sections 13-241 and 13-249 A.R.S. As to the burglary count, the record shows that there was a refrigerator behind the front counter which was visible to anyone entering the store. Also, the defendant was quoted as making the statement shortly after apprehension that "it's no fun to be hungry".

Since the defendant was 17 years old, it was necessary to have a proper remand from the Juvenile Court. This was done before commencement of the adult proceedings.

The sentences were within the limits set forth in Sections 13-249 and 13-302 A.R.S. We will not review the trial court's exercise of discretion in this respect. State v. Counterman.

A search of the entire record before this Court fails to disclose any fundamental error upon which a reversal can be based. The convictions of the defendant must stand.

The judgment is affirmed.

CAMERON and DONOFRIO, JJ., concur.