. 420 P.2d 588

**STATE of Arizona, Appellee,**

**v.**

**Arthur Robert VALENZUELA, Appellant.**

**No. 2 CA–CR 71.**

Court of Appeals of Arizona.

Dec. 7, 1966.

Darrell F. Smith, Atty. Gen., William J. Schafer, III, Pima County Atty., Carl Waag, Deputy County Atty., Tucson, for appellee.

O. G. Marquez, Tucson, for appellant.

KRUCKER, Chief Judge.

Defendant, Arthur Robert Valenzuela, takes this appeal from a conviction of petit theft, with a prior conviction alleged, in the Superior Court of Pima County, Arizona.

An indictment was returned by the grand jury on January 6, 1966, charging the defendant with petit theft under the provisions of A.R.S. § 13–661 and § 13–663 as amended, and charging the defendant with a prior conviction of burglary, first degree. The defendant was represented by court-appointed counsel (other than the counsel in this appeal) and was convicted by a jury. On May 25, 1966, defendant was sentenced to a term in the Arizona State Prison for not less than one nor more than five years, the prior conviction having been admitted by the defendant.

Appellant's counsel has filed in this Court an affidavit stating that he has diligently and conscientiously searched the record of the proceedings in the trial court and has carefully read the transcript of testimony and has been unable to find any grounds upon which an appeal can be prosecuted.

The essential facts are that the defendant drove up to a gasoline service station and told the attendant who waited on him that he wanted to wash his windshield. While the attendant was absent, waiting on another customer at another pump, the defendant picked up a cash drawer from its

346

pedestal and placed it on the lap of his girl companion who was sitting in the car. Before defendant drove away, the attendant discovered that the cash box was missing, saw it in defendant's car, and retrieved the cash box. At the trial, defendant testified that it was only a joke, but apparently the jury did not believe defendant's version and returned a verdict of guilty.

Under the provisions of A.R.S. § 13–1715, subsec. B, this Court is required, in a criminal appeal, to review the entire record. This we have done, including reading the transcript of testimony of the trial. We find no error or violation of the defendant's rights or any grounds upon which an appeal can be prosecuted. State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964); State v. Denmon, 3 Ariz.App. 217, 413 P.2d 276 (1966); State v. White, 2 Ariz.App. 455, 409 P.2d 739 (1966).

The judgment of the trial court is affirmed.

HATHAWAY and MOLLOY, JJ., concur.