437 P.2d 999

**Charlie DENMON, Appellant,**

v.

**The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellees.**

**No. 2 CA–CIV 497.**

Court of Appeals of Arizona.

Feb. 27, 1968.

Charlie Denmon, in pro. per.

Darrell F. Smith, Atty. Gen., Phoenix, for appellees.

HATHAWAY, Chief Judge.

Review of a Pinal County order denying the appellant's petition for a writ of habeas corpus is sought by this appeal.

The petitioner's conviction of grand theft was affirmed by this court on appeal, State v. Denmon, 3 Ariz.App. 217, 413 P. 2d 276 (1966) and we subsequently denied habeas corpus relief for the reason that habeas corpus is not available to procure successive appeals. If the petition filed below urged only the same grounds originally presented or which could have been presented to this court, the superior court would have had no jurisdiction to consider same. State ex rel. Ronan v. Superior Court, 94 Ariz. 414, 385 P.2d 707 (1963).

The petitioner, however, asserted an additional ground of challenging his conviction, namely the illegality of identification evidence. In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) the United States Supreme Court announced an exclusionary rule as to identification evidence which is tainted by exhibiting an accused to identifying witnesses before trial in the absence of counsel.

The principles of *Wade* and *Gilbert* are not to be applied retroactively, Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and habeas corpus relief is available only when the confrontation was "so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." Id., 87 S.Ct. at 1972. The facts alleged by the petitioner were not such as to render the confrontation "conducive to irreparable mistaken identification."

The lower court did not err in its summary denial of relief and the order is affirmed.

MOLLOY and KRUCKER, JJ., concur.