476 P.2d 860

**STATE of Arizona, Appellee,**

v.

**Charles BLEVINS, Appellant.**

**No. 2050.**

Supreme Court of Arizona,
In Banc.

Nov. 17, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Goodson, Richmond, Rose & Wolfram, by Jay R. Adkins and Donald E. Wolfram, Phoenix, for appellant.

HAYS, Justice.

Appellant, Charles Blevins, was convicted of robbery and assault with a deadly weapon in the Superior Court of Maricopa County. He was found to have been previously convicted of a felony and was sentenced to a prison term of not less than ten nor more than forty years for each offense; the sentences were ordered to run consecutively. From his conviction and sentence he appeals.

The evidence indicates that on April 15, 1968, Alan Klopfenstein was on duty at a service station in Phoenix, Arizona. At approximately 4:00 a. m. a car with two or more occupants drove into the station and the driver asked for street directions. As Klopfenstein started to give the requested directions, the driver stepped out of the vehicle with a sawed off shotgun and ordered him into the office. After taking $90 from the cash register the driver returned to the car and drove away.

Joseph Maskell, a police officer testified that he received a radio call that the robbery had taken place. He spotted what appeared to be the getaway car and as he approached it with his red light on, one of the occupants began shooting at him from the rear window. Although approximately eight shots were fired, neither Maskell nor his vehicle were hit. He eventually lost the fleeing car during the chase.

The following day, a Michael Fishman was arrested and on May 20, 1968, a criminal complaint was filed charging the appellant with robbery and assault with a deadly weapon. Some of the charges against Fishman were dismissed after he agreed to testify against the appellant.

Klopfenstein testified that although he saw a person with a weapon in the back seat of the getaway car, he could not identify him. However, Fishman testified that he and the appellant had planned the robbery together the night before, that appellant accompanied him in the car during the robbery, that he, Fishman, was the one who stepped out of the car with the sawed off shotgun and that appellant was the one who fired the shots at Officer Maskell with a .308 Winchester borrowed from an acquaintance.

Robert Bumford and Larry Johnson both testified that appellant told them that he had accompanied Fishman during the robbery and fired the shots from the rear window of the car.

Before the jury panel was examined on voir dire, appellant submitted a written request to the trial judge that he order the

jury to be kept together during the trial. This request was denied. Appellant makes the point that Rule 268 of our Rules of Criminal Procedure, 17 A.R.S. requires the judge to comply with such written requests. Rule 268 provides in part:

"At the written request of the county attorney or the defendant or his counsel the court shall direct the jury to be kept together in charge of a proper officer, and the court shall not mention or announce in the presence of the jury which party made such request."

We agree that Rule 268 requires the trial judge to keep the jury together when properly requested to do so in writing. Since the trial judge failed to follow the mandate of this rule, we have no choice but to reverse appellant's conviction.

Appellant further contends that the state failed to meet its burden of proof with respect to his alleged prior conviction and that the court thereby erred in denying his motion for a directed verdict.

The issue of prior conviction was tried before the court without a jury. The state introduced into evidence certified copies of the Information, Minutes and Judgment of the Superior Court of the County of Los Angeles, State of California. These documents indicate that on August 27, 1965, appellant was charged with two counts of grand theft. He pleaded guilty to count two, received a sentence of probation for two years therefor and count one was dismissed. Count two charged a violation of § 10851 of the California Vehicle Code which provides in part:

"Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent either permanently or *temporarily* to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same, * *

is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for not less than one year nor more than five years or in the county jail for not more than one year or by a fine of not more than five thousand ($5,000) or by both such fine and imprisonment." (Emphasis ours).

The trial judge held that the evidence before the court was sufficient to sentence appellant to additional punishment under A.R.S. § 13–1650 which reads:

"A person who has been convicted in any court without this state of an offense which, if committed within this state, would be *punishable* by the laws of this state by imprisonment in the state prison, shall be punished for any subsequent crime committed within this state in the manner prescribed by § 13–1649, and to the same extent as if the first conviction had taken place in a court of this state." (Emphasis ours).

We are of the opinion that appellant's motion for a directed verdict on this issue should have been granted for the reason that the state failed to prove that appellant was previously convicted of an offense which, if committed within this state, would be punishable by imprisonment in the state prison. It is readily apparent that § 10851 of the California Vehicle Code declares it to be a felony for a person to take a vehicle without the consent of the owner with the intent to *temporarily* deprive the owner of his title to or possession of the vehicle. However, in Arizona it is only a misdemeanor for one to take a vehicle with intent to temporarily deprive the owner of possession thereof.[1] The appellant pleaded guilty to the offense charged in California, but he could not have been guilty of the intent to both permanently *and* temporarily deprive the owner of possession. Only that part of the statute that pertained to

---

1. A.R.S. § 13–672 as amended Laws 1960, Ch. 106.

A. A person is guilty of a misdemeanor who, without consent of the owner, takes or drives an automobile, motorcycle or other vehicle, or takes or rides a bicycle, with intent temporarily to deprive the owner of possession of the vehicle or bicycle, without intent to steal it.

an intent to permanently deprive an owner of possession would constitute a crime which, if committed in Arizona, would be punishable in the state prison. The state failed to submit any proof tending to show which part of the statute applied to appellant's conviction. It was therefore error for the court to prescribe a sentence under A.R.S. § 13–1650, supra.

In order to assist the trial court during the new trial, we will proceed to answer two additional issues raised on this appeal.

■ Appellant contends that the court abused its discretion by denying appellant's motion for a mental examination under Rule 250 of our Rules of Criminal Procedure.[2] The trial judge considered the motion in chambers with the defendant and counsel for both sides present. During this proceeding the appellant testified that he had served in Viet Nam from 1963 to 1965 and had received a head wound that made it difficult to readjust to military service. He was given a medical discharge. He further testified that his family had tried unsuccessfully to have him "committed" although commitment proceedings were never actually begun. He testified that he was unable to walk for a few months while in jail because of a numbness in his legs and that he was forced to use a wheelchair. However, he was able to walk for five months prior to the time of his trial and, in response to questions by the court, he consulted with his attorney on at least one occasion before he answered. Further, he clearly indicated that he understood the difference between right and wrong.

In Arizona, the trial judge is given broad discretion in determining whether reasonable grounds exist to order a hearing under Rule 250. State v. Buchanan, 94 Ariz. 100, 381 P.2d 954 (1963); State v. Bradley, 102 Ariz. 482, 433 P.2d 273 (1967). From this record we are unable to say that the judge abused his discretion.

■ Appellant makes the argument that he was convicted in violation of A.R.S. § 13–136 which provides that a conviction cannot be had on the uncorroborated testimony of an accomplice. Appellant argues that, in addition to Fishman who was clearly an accomplice, Johnson and Bumford were also accomplices because they were guilty of some crime subsequent to the robbery which had as its nexus the robbery itself. This is an incorrect statement of the law. Whether a witness is an accomplice within the statute depends upon whether that witness could be informed against for the same crime for which the defendant stands accused. State v. Sims, 99 Ariz. 302, 409 P.2d 17 (1965). Since there is nothing in the record to indicate that either Johnson or Bumford could be charged with one or more of the same offenses of which appellant was accused, it was not error to permit them to testify and thereby corroborate the testimony of the accomplice, Fishman.

Reversed and remanded for new trial.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.

---

2. Rule 250 provides in part:
A. If before or during the trial the court has reasonable ground to believe that the defendant, against whom an indictment has been found or information filed, is insane or mentally defective, to the extent that he is unable to understand the proceedings against him or to assist in his defense, the court shall immediately set a time for a hearing to determine the defendant's mental condition.