492 P.2d 397

The STATE of Arizona, Appellee,

v.

Richard ORTIZ, Appellant.

No. 1557–2.

Supreme Court of Arizona,

In Banc.

Jan. 4, 1972.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Edwin R. Powell, Holbrook, for appellant.

CAMERON, Justice.

This is an appeal from judgments of guilt and sentences totaling not less than 21 nor more than 38 years by the Superior Court of Navajo County. After defendant was convicted and sentenced in 1964, a counsel was appointed by the trial court to handle his appeal to the Supreme Court. Counsel found no matter he thought arguable, so this court ordered the appeal submitted on the record and affirmed the judgment after modifying one of the probation requirements. State v. Ortiz, 98

Ariz. 65; 402 P.2d 14 (1965). After the United States Supreme Court decision in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we ordered the appointment of new counsel and allowed a new appeal.

Two questions are presented for review:

1. Did the trial court abuse its discretion in not ordering an examination of the defendant pursuant to Rule 250, Rules of Criminal Procedure, 17 A.R.S.?

2. Did the trial court properly accept defendant's guilty plea?

Although the record before the court is not complete, it would appear that the facts necessary for a determination of this matter are as follows. On 1 April 1964 appellant signed a statement acknowledging certain rights and continuing:

> " * * * About seven or eight months ago, I started having peculiar feelings when ever I would see a fire or the flames of a fire. Even the flames of the gas stove would upset me. I think that I have some sort of mental problem and I feel that I need help. I have considered turning myself into the Police because I was afraid that I would hurt some body. In all cases, I tried to set fire to vacant buildings so that I would not hurt anyone.

> "On the night of Feb. 24, 1964, I deliberately set fire to the house belonging to Johnny Baca * * *. In all cases I wasn't looking for publicity, I simply couldn't help myself. Following is a list of all the other places [9] that I set on fire as well as I can remember.

> \* \* \* \* \* \*

> "I know that I need help and I think that I need it fast."

On 3 April 1964, on the order of Judge Shelley of the Superior Court of Navajo County, appellant was examined by a psychiatrist, Maier Tuchler, M.D., who sent his report on the appellant's mental condition to Judge Shelley.

On 10 April 1964 a criminal complaint was filed and, after a preliminary hearing at which the appellant was represented by counsel, the Justice of the Peace found probable cause and held the petitioner to answer to the Superior Court.

On 13 July 1964 the County Attorney filed an information charging appellant with 7 counts of first degree arson, 2 counts of second degree arson, and 1 count of attempted arson. Appellant pleaded not guilty in the Superior Court.

Six days before trial date, on 16 September 1964, appellant, with his counsel, appeared before Judge Shelley and moved for permission to withdraw his former pleas of not guilty. His motion was granted and appellant entered guilty pleas on all 10 counts.

On 5 October 1964 the County Attorney, his deputy, appellant and his counsel appeared before the court. Evidence and testimony in mitigation and aggravation was presented, with Robert Haley, III, M.D. (a non-psychiatrist) testifying in appellant's behalf, and indicating that appellant was in need of psychiatric care and treatment and that such would be necessary to his rehabilitation. The court thereupon sentenced appellant, who had already been convicted of another felony, to 21–38 years on 9 counts in the State Penitentiary, and on the tenth count to 18 years of probation, commencing upon his release from prison. This court later changed the date of the commencement of probation to 5 October 1964. See State v. Ortiz, 98 Ariz. 65, 402 P.2d 14 (1965). One of the conditions of probation was as follows: "You shall, upon release from the State Penitentiary, use your best efforts to get a voluntary commitment to the Arizona State Hospital." The judge also ordered the County Attorney "to request psychiatric care and treatment for the defendant while he is in the Arizona State Prison."

## SHOULD THE TRIAL COURT HAVE ORDERED AN EXAMINATION?

Rule 250, Rules of Criminal Procedure, 17 A.R.S., reads as follows:

"Rule 250. Examination of defendant's mental condition prior to or during trial; proceeding with trial or commitment of defendant to institution

"A. If before or during the trial the court has reasonable ground to believe that the defendant, against whom an indictment has been found or information filed, is insane or mentally defective, to the extent that he is unable to understand the proceedings against him or to assist in his defense, the court shall immediately set a time for a hearing to determine the defendant's mental condition. The court may appoint two disinterested qualified experts to examine the defendant with regard to his present mental condition and to testify at the hearing. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party.

"B. If the court, after the hearing, decides that the defendant is able to understand the proceedings and to assist in his defense it shall proceed with the trial. If it decides that the defendant through insanity or mental deficiency is not able to understand the proceedings or to assist in his defense, it shall have the defendant committed to the institution authorized to receive him, and the commitment of the defendant shall exonerate his bail. If thereafter the authorized officer of such institution is of the opinion that the defendant is able to understand the proceedings and to assist in his defense, he shall report such fact to the court which conducted the hearing. If the officer so reports, the court shall proceed with the trial, and may again admit the defendant to bail, if he is bailable."

Rule 250 has long been interpreted as giving the trial court broad discretion in deciding whether or not to order a Rule 250 hearing. State v. Tillery, 107 Ariz. 34, 481 P.2d 271 (1971).

"In Arizona, the trial judge is given broad discretion in determining whether reasonable grounds exist to order a hearing under Rule 250. State v. Buchanan, 94 Ariz. 100, 381 P.2d 954 (1963); State v. Bradley, 102 Ariz. 482, 433 P.2d 273 (1967). * * *" State v. Blevins, 106 Ariz. 405, 408, 476 P.2d 860, 863 (1970).

We do not feel that the trial court abused its discretion in not ordering a hearing pursuant to Rule 250. Dr. Tuchler's report was requested by, and available to, the trial court to ascertain if there were any sound grounds for a hearing. This despite the fact that there had been no request by defendant's attorney. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); State v. Bradley, 102 Ariz. 482, 433 P.2d 273 (1967).

It is urged upon us that, notwithstanding Dr. Tuchler's report, there was sufficient evidence to give the trial judge "reasonable ground to believe that the defendant * * [was] insane or mentally defective, to the extent that he [was] unable to understand the proceedings against him or to assist in his own defense." We would have no difficulty in affirming a decision of the trial court in granting a Rule 250 hearing under the facts in this case, but that does not mean it was error for the court upon its own motion not to order the hearing.

Rule 250 does not require the court to hold a hearing whenever there are reasonable grounds to believe the defendant insane. On the contrary, Rule 250 requires a hearing only when there are reasonable grounds to believe the defendant incompetent to stand trial. There are different standards of insanity and incompetency. State v. Alford, 98 Ariz. 124, 402 P.2d 551, reh. den. 98 Ariz. 249, 403 P.2d 806 (1965), cert. den. 382 U.S. 1020, 86 S.Ct. 625, 15 L.Ed.2d 535, reh. den. 384 U.S. 1028, 86 S.Ct. 1937, 16 L.Ed.2d 1047 (1966).

"A person may be mentally competent to stand trial although upon other subjects

his mind may be unsound. There are many prisoners who, although competent to stand trial, are mentally disturbed or defective and require psychiatric treatment. (citations omitted)

"Mental illnesses are of many sorts and have many characteristics. They may differ widely in their effects on a person's mental processes, his abilities and his behavior. To make a reasonable inference concerning the relationship between an alleged mental condition and the accused's competence to stand trial, the trier of the facts must be informed with some particularity. Labeling one's condition as that of insanity without any description of the particular actual manifestations of the alleged disease is insufficient pleading of mental incompetence to stand trial. Insanity in its popular sense signifies an unsoundness of mind, a derangement of the intellect; it may be complete or partial. It can vary from time to time. As such it does not necessarily connote incompetence to stand trial." Thursby v. State (Maine), 223 A.2d 61, 68 (1966).

This brings us to a very important distinction between the present case and Pate v. Robinson, supra, in which the United States Supreme Court held that a defendant had been denied due process when the trial judge refused to grant an incompetency hearing (under a statute similar in most respects to the Arizona Rule 250). In the Pate case the defendant's counsel throughout the proceedings insisted that the defendant Robinson's incompetency was very much in issue. Pate holds that when strong evidence of incompetency is presented to the trial judge, and when the defendant's counsel urges incompetency, it is a violation of due process for the trial judge not to hold a hearing. In the case before us, the evidence of incompetency was virtually non-existent and the defense counsel did not deem it worthwhile to bring the incompetency issue to the court's attention. On these facts, we cannot hold that it was error for the trial court not to order an incompetency hearing.

## DID THE TRIAL COURT PROPERLY ACCEPT THE GUILTY PLEA?

Since appellant's guilty plea was made prior to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the more rigid requirements of that case do not apply herein:

" * * * Since we have previously held that we will apply the mandate of Boykin only prospectively, State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969); appellant's claim of error must be judged with reference to the basic fairness of these proceedings rather than to rigid standards subsequently promulgated of which the trial judge could not have been aware.

\* \* \* \* \* \*

"In State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (filed April 15, 1971), we indicated that the trial court is not required to detail all possible ramifications of sentencing under a plea of guilty, especially when defendant is represented by counsel." State v. Johnson, 107 Ariz. 169, 484 P.2d 1, 3 (1971).

In the present case, the appellant was represented by counsel from the preliminary hearing to the time of sentencing. The record shows a factual basis for the plea and knowledge of the consequences of the plea.

Judgment affirmed.

HAYS, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.