506 P.2d 1063

**The STATE of Arizona, Appellee,**

v.

**Harvey James FITCH, Appellant.**

**No. 2548.**

Supreme Court of Arizona,
In Banc.

March 1, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Harvey James Fitch, in pro. per.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment entered on defendant's plea of guilty to the crime of lewd and lascivious acts, § 13–652 A.R.S., and a sentence of seven to ten years.

We are called upon

1. to determine if the plea of guilty complied with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969), and

2. to review the record for fundamental error.

The facts necessary for a determination of this appeal are as follows. On 11 April 1972, defendant waived preliminary hearing and was held to answer to the charges of aggravated battery and lewd and lascivious acts. Pursuant to a plea bargain, defendant withdrew his previous pleas of not guilty and entered a plea of guilty to the charge of lewd and lascivious acts with a prior conviction. On 9 June 1972, defendant was sentenced to not less than seven nor more than ten years in the Arizona State Prison. Notice of appeal was timely filed 17 July 1972.

Before accepting the change of plea, the court informed the defendant of the rights he was waiving as required by Boykin v. Alabama, supra, and by Arizona law. He further asked the defendant:

"Q  And you desire to enter a plea of guilty to the crime of lewd and lascivious acts, a felony, as charged in Count 2 of the information?

"A  Yes.

＊　　＊　　＊　　＊　　＊　　＊

"Q  Are you entering this plea of guilty of your own free will?

"A  Yes.

"Q  Have any promises been made to you about the possible punishment

in this case to obtain this plea of guilty?

"A   No.

"Q   Have you been promised that if you would enter a plea of guilty to this crime that you would be granted probation?

"A   No.

"Q   Have any threats of any kind been made to you to obtain this plea of guilty?

"A   No.

"Q   Has any force been used to obtain this plea?

"A   No.

   *    *    *    *    *    *

"Q   And your counsel has indicated that you desire to admit the allegation of prior conviction as the Court read it to you?

"A   Yes.

   *    *    *    *    *    *

"Q   Have any promises been made to you to get you to admit the allegation of prior conviction?

"A   No.

"Q   Have any threats of any kind been made to you to obtain this admission of the prior conviction?

"A   No.

"Q   Has any force been used to obtain the admission of prior conviction?

"A   No."

At the sentencing, the court stated:

"THE COURT.   All right.   On the basis of the record made at the time the defendant entered his plea of guilty and the report of the probation officer, this court is satisfied that there is a factual basis for the plea of guilty of the defendant."

Though represented by counsel in the trial court, defendant represented himself on appeal and has filed a brief which states the issue before the court as:

"Was the defendant's plea of guilty validly accepted when defendant had no recourse except to plead guilty due to conspiracy to obstruct justice which defendant was facing.   That with such a conspiracy in progress was the court validly accepting a plea of guilty which defendant did not wish to enter but was forced to act in this way, therefore pleading guilty to the charge against him."

## WERE THE BOYKIN REQUIREMENTS MET?

The record before this court indicates no hint of conspiracy to force the defendant to plead guilty, but on the contrary the record indicates a voluntary and uncoerced plea.   We have searched the record to determine if the requirements of Boykin v. Alabama, supra, have been met and we find they have.   See State v. Darling, 109 Ariz. 148, 506 P.2d 1042, filed this day.

## FUNDAMENTAL ERROR

We have reviewed the entire record for fundamental error as required by § 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).   We find no fundamental error.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.