520 P.2d 317

**Petition of Donald Gene Boag for Writ of Habeas Corpus.**

**Donald Gene BOAG, Appellant,**

v.

**STATE of Arizona, Appellee.**

**No. 1 CA–HC 32.**

Court of Appeals of Arizona, Division 1, Department A.

March 14, 1974.

Rehearing Denied May 21, 1974.

Review Denied June 11, 1974.

Treon, Warnicke & Dann, P. A., by B. Michael Dann, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

DONOFRIO, Presiding Judge.

■ Appellant-petitioner, Donald Gene Boag, by appeal from the Superior Court seeks habeas corpus relief from this Court. Petitioner was convicted of assault with intent to commit murder, robbery and mayhem. The conviction and sentence were affirmed by our Supreme Court and motion for rehearing denied. State v. Boag, 104 Ariz. 362, 453 P.2d 508 (1969). In that appeal petitioner raised nine issues, none of which includes any of the same issues raised in this habeas corpus petition, i. e., tainted in-court identification of petitioner, prosecutor's use at trial of known false testimony, and the validity of petitioner's extradition from California. The first two are directly related to the trial and would have properly been a subject for review on appeal. They are, however, not proper on a habeas corpus petition when never raised formerly at either the trial stage or appeal level. Denmon v. State, 7 Ariz.App. 247, 437 P.2d 999 (1968). As said in State v. Pill, 5 Ariz.App. 277, 278, 425 P.2d 588, 589 (1967):

"It is well settled that all questions raised on appeal and all that *might have been raised* are finally adjudicated and cannot be relitigated by means of habeas corpus. [citations omitted]" (emphasis theirs)

Because no reason is manifest as to why these issues could not have been raised, no consideration is given to their merits.

■ As to the third issue presented, it is claimed that it was fundamental error for petitioner to be extradited without first being brought before a magistrate and informed of his rights to a hearing and counsel to contest the extradition as provided by the Uniform Criminal Extradition Act enacted in Arizona (A.R.S. §§ 13–1301 to 13–1328) and in California (Cal. Penal Code §§ 1548–1556.2). Petitioner's contention is that if such procedure is violated it would render invalid all subsequent unrelated proceedings, civil and criminal. Our research reveals that this contention has no precedent in Arizona. The Ninth Circuit held in an earlier decision affirming the District Court's denial of petitioner's motion to proceed in forma pauperis in a civil rights action that:

". . . the fact that Boag may have been illegally extradited from California does not affect that state's jurisdiction to impose further punishment or to regain him pursuant to an executive agreement." Boag v. Boies, 455 F.2d 467 at 468 (1972)

We do not agree with petitioner's argument that an appropriate exclusionary rule ought to be fashioned if petitioner's extradition rights were violated. Whether subsequent proceedings would be prejudiced by improper extradition would need to be shown in order for this Court to consider such an argument. We cannot blindly and

without precedent create exclusionary rules where the prejudice stemming from the alleged unlawful conduct is not self-evident.

Affirmed.

OGG and STEVENS, JJ., concur.