348 P.2d 731

**STATE of Arizona, Appellee,**

v.

**John REID, Appellant.**

No. 1159.

Supreme Court of Arizona.

Jan. 27, 1960.

Catherine Mealey, Flagstaff, for appellant.

Wade Church, Atty. Gen., and Newman W. White, Asst. Atty. Gen., for appellee.

UDALL, Justice.

This is an appeal by John Reid (defendant-appellant) from conviction on two separate bogus check charges. After the jury returned verdicts of guilty the court entered judgments of conviction and sentenced the defendant to serve not less than seven nor more than eight years in the state penitentiary. While no motion for a new trial was made, notice of appeal was timely given.

We are furnished with only a partial transcript of the testimony; this does not contain any of the evidence adduced by the State in its case in chief. When the State rested, the defendant took the witness stand and readily admitted having caused to be drawn and delivered two bogus checks—aggregating $240—set forth in the informations. Furthermore he acknowledged two prior convictions of similar offenses in Coconino County, as alleged in the informations, as well as disclosing time served on a bogus check charge in a California penitentiary.

Due to the peculiar behavior exhibited by defendant during the short course of his examination, the trial court interrupted the proceedings and ordered a hearing (under the provisions of Rule 250, Rules of Criminal Procedure, 17 A.R.S.) to determine whether the accused was mentally competent to stand trial, i. e., whether he could understand the proceedings against him and assist in his defense. The defendant was examined at this hearing by two court-appointed physicians (both were licensed M. D.'s)—one of whom had some experience in the field of mental health. Both doctors concurred in finding that the accused was "aware of the proceedings and capable of assisting in his defense", although stating he might be better off with some psychiatric

help. At the conclusion of this hearing the trial court found that defendant met the standards set out by Rule 250, supra, and ordered that the trial continue.

Defendant asserts four grounds for appeal:

1. That the examination into his mental condition was not sufficient to satisfy the requirements of Rule 250, supra.

2. That defense counsel was improperly precluded from arguing the insanity issue before the jury, even though there had been no four days' notice of such defense, as is required by Rule 192 of the Rules of Criminal Procedure.

3. That it was error for the court to advise the jury as to the proceedings held to determine defendant's mental condition.

4. That the sentence is excessive in light of the offenses committed.

We shall consider these grounds seriatim:

1. *Adequacy of the sanity hearing.* The pertinent language of Rule 250, supra, under which this hearing was held, is as follows:

"If before or during the trial the court has reasonable ground to believe that the defendant, against whom an indictment has been found or information filed, is insane or mentally defective, to the extent that he is unable to understand the proceedings against him or to assist in his defense, the court shall immediately set a time for a hearing to determine the defendant's mental condition. The court may appoint two disinterested qualified experts to examine the defendant with regard to his present mental condition and to testify at the hearing. * * *"

It is the contention of defendant (a) that the trial court erred in failing to appoint two licensed psychiatrists to conduct this examination, and (b) the finding that defendant was able to assist in his defense was not justified by the evidence.

In considering these points, it would be well to take a close look at the language of the Rule. In the first place, it is for the trial court to determine whether there is "reasonable ground" to believe that the defendant is insane or mentally defective. The judge is allowed broad latitude in this determination. State v. Thomas, 78 Ariz. 52, 275 P.2d 408; State v. Voeckell, 69 Ariz. 145, 210 P.2d 972; Fralick v. State, 25 Ariz. 4, 212 P. 377. If such a finding is made by the trial judge, then it is obligatory upon him to order such a hearing, i. e., he *"shall* immediately set a time for a hearing * * *." Cf. Fralick v. State, supra. The conduct of the hearing, however, is a matter entirely within the sound discretion of the trial court. The Rule allows the court—but does not require it—to appoint expert examiners; as it reads, the court *"may* appoint * * *."

Nor can it reasonably be said that the court was required to appoint licensed psychiatrists to determine what may have appeared to it to have been a specious claim of insanity. Cf. Territory v. Davis, 2 Ariz. 59, 10 P. 359. However, here the court did appoint two medical doctors, counsel for defendant cross-examined them, and the defendant put on a witness in his own behalf. The fact these doctors did not specialize in psychiatry goes only to the weight to be given to their opinions by the trial court in reaching his final determination. Counsel for defendant raised no objection to the proceedings at that time. We hold that the procedure here followed was in full compliance with Rule 250, supra.

As to the question of whether the evidence adduced at the hearing supports the trial court's finding, we find no basis for disagreement with the court below. In such a proceeding, the trial court's decision will be upheld unless it appears there has been manifest abuse of discretion. Florida decisions, based on a statute identical to our Rule 250 (Sec. 917.01, Florida Statutes, F.S.A.), have so held. See Brock v. State, Fla., 69 So.2d 344; Stanton v. State, 148 Fla. 732, 5 So.2d 4. In this special hearing the only witnesses who appeared—other than the defendant himself—were the two court-appointed physicians and the wife of the accused. The physicians concluded that defendant was able—under the test set out in the Rule—to stand trial, in spite of his erratic conduct. The wife's testimony as to her husband's derangement was inconclusive. Under these circumstances we hold that the trial court did not err in ordering a resumption of the trial.

2. *Insanity as a defense*. Defendant asserts that the trial court abused its discretion in denying him an opportunity to present as a matter of defense the question of insanity at the time of the commission of the crime. Concededly no timely notice of intention to plead insanity was made under Rule 192. If no such notice is given, it is within the sound discretion of the trial court to decide whether evidence touching upon this defense will be allowed. It does not appear from the record that any formal request was made by defendant to present evidence as to his insanity at the time of the alleged crime. Furthermore, it appears from the minutes that oral argument was specifically waived by defense counsel. It further appears that this question of insanity was—whether properly or not—brought to the attention of the jury by remarks of his counsel. We find no merit in this assignment of error.

3. *Court's statement to the jury*. It is asserted that the trial court committed prejudicial error by revealing to the jury the nature and result of the hearing into defendant's present sanity. Statements made in open court—in the presence of the

jury—by counsel for defendant could have left no doubt in the minds of the jurors as to what the hearing was about and what was determined therein. We hold that the trial court committed no reversible error in this respect.

 4. *Excessive sentence.* For a three-time loser we find nothing excessive in the sentences (7 to 8 years) imposed, particularly where they were made to run concurrently.

Judgment affirmed.

STRUCKMEYER, C. J., and PHELPS, JOHNSON and BERNSTEIN, JJ., concur.