349 P.2d 189

**STATE of Arizona, Appellee,**

**v.**

**Edward DE VOTE, Appellant.**

**No. 1134.**

Supreme Court of Arizona.

Feb. 3, 1960.

180

Dominic Piccirilli, Tucson, for appellant.

Wade Church, Atty. Gen., of Arizona, Harry Ackerman, County Atty., of Pima County, Fred R. Sands, Deputy County Atty. of Pima County, Tucson, for appellee.

STRUCKMEYER, Chief Justice.

Appellant, Edward DeVote, was arrested, tried, and convicted of the crime of first degree burglary. From that conviction and a sentence to a term in the state prison he appeals. Between the date of appellant's arrest and his trial in the Superior Court of Pima County, his mother filed a petition for a sanity hearing pursuant to the provisions of A.R.S. § 36–501 et seq. While the record of that proceeding is not before this court, the State agrees that on May 28, 1958, the Honorable Lee Garrett, one of the judges of the Pima County Court, after hearing the testimony of two lay witnesses, dismissed the petition but reserved the right to the defendant to have his mental condition further determined under Rule 250, Rules of Criminal Procedure, 17 A.R.S. Appellant subsequently proceeded to trial on July 2, 1958, but made no attempt whatsoever to invoke the provisions of Rule 250. Appellant's position seems to be that since all of the judges in Pima County are one court, either the judge who originally examined into the sanity petition should have ordered an examination pursuant to Rule 250, or the judge who tried the cause should have on his own initiative. We do not

believe that a reversal is merited from what occurred.

A.R.S. § 36–503 provides that when it appears on a sanity petition to the satisfaction of a judge of the Superior Court that a person is mentally ill, he shall make orders "which are necessary to provide for examination into the mental health of the person." Presumably, the judge who examined into the sanity petition was satisfied from it that there were sufficient grounds to conclude that the appellant was mentally ill, because he proceeded to a hearing pursuant to the direction of subsection B, A.R.S. § 36–507. That section provides:

"The judge shall require two or more witnesses acquainted with the person at the time of the alleged mental illness to be summoned for the hearing and examination, who shall be examined on oath as to the conversation, manners and general conduct of the person. The judge shall also appoint and require two or more physicians to be present at the examination. On the basis of the testimony and a personal examination of the individual, the physicians shall make a written statement under oath stating their opinion as to the mental health of the person, whether he has a mental illness likely to be dangerous to himself or to the person or property of others if he is permitted to be at large, and whether the mental illness is likely to be temporary or permanent."

It is to be noticed that the examining judge did not require two or more physicians to be present nor that they make a written statement under oath. This plainly is not consistent with the statute. A judge examining into the mental condition of a person does not have the discretion to dispense with the testimony or the opinion of the physicians. However, the further question is raised as to whether such is so prejudicial as to deprive appellant of his constitutional rights to due process of law. It also appears that appellant was represented by counsel at the sanity hearing and by the same counsel at the criminal trial. Accordingly, both appellant and his counsel were aware of the decision of Judge Garrett that the question of appellant's sanity was not foreclosed but could be raised pursuant to Rule 250, Rules of Criminal Procedure. Rule 250, subd. A provides:

"If before or during the trial the court has reasonable ground to believe that the defendant, against whom an indictment has been found or information filed, is insane or mentally defective, to the extent that he is unable to understand the proceedings against him or to assist in his defense, the court shall immediately set a time for a hearing to determine the defend-

ant's mental condition. The court may appoint two disinterested qualified experts to examine the defendant with regard to his present mental condition and to testify at the hearing. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party."

As stated, at no time prior to the commencement of trial or during trial was the trial judge (a different judge than the one undertaking the sanity hearing) actually informed or advised that there was any suspicion concerning the appellant's sanity; nor did anything occur which could possibly prompt the trial judge to believe that appellant was insane or mentally deficient to the extent that he was unable to understand the proceedings or to assist in his defense. It was not until the time of sentencing, after the trial and verdict of guilty, that the trial judge's attention was directed to the order made in the sanity proceeding.

As we stated in State v. Craft, 85 Ariz. 143, 149, 333 P.2d 728, 732, concerning the effect of a departure from Rule 250, "* * * The defendant should not be allowed to sit by and permit the court to inadvertently commit the error and take advantage of it thereafter under the existing circumstances." When the attention of the judge trying the criminal case was finally directed to the previous action of the court in the sanity hearing, no error was committed in passing sentence, since it is for

the trial judge to determine in the first instance whether there was "reasonable ground" to believe that the defendant was insane or mentally defective within the meaning of Rule 250. Only in the event that he was of the opinion that there was such reasonable ground was it obligatory to order a hearing. State v. Reid, Ariz., 348 P.2d 731.

Judgment Affirmed.

PHELPS, UDALL, JOHNSON and BERNSTEIN, JJ., concur.