375 P.2d 717

**STATE of Arizona ex rel. Charles N. RONAN, County Attorney of Maricopa County, Petitioner,**

v.

**Honorable Henry S. STEVENS, Judge of the Superior Court of the State of Arizona, Maricopa County, and Robert R. Steward, real party in interest, Respondents.**

No. 7686.

Supreme Court of Arizona,

En Banc.

Nov. 1, 1962.

---

2. The discrepancy in the date of the alleged crime was corrected by amendment prior to trial.

Charles N. Ronan, Maricopa County Attorney, Joseph P. Shaw, Deputy County Attorney, and Robert J. Corcoran, Deputy County Attorney, for petitioner.

Lewis, Roca, Scoville, Beauchamp & Linton, by Monroe G. McKay, Phoenix, for respondents.

UDALL, Vice Chief Justice.

The petitioner has applied for a writ of certiorari to direct the respondent, Honorable Henry S. Stevens, Judge of the Superior Court of the State of Arizona in and for the County of Maricopa, and the Clerk of said court, to certify to this court its records related to proceedings held be-fore the respondent judge on the 12th day of July, 1962, in a matter entitled "The State of Arizona, plaintiff, v. Robert R. Steward, defendant [respondent herein]", Criminal Cause No. 38651; and also to certify all records of proceedings in that cause held before the Superior Court of Maricopa County in the matter of an application for commitment of Robert R. Steward, an alleged mentally ill person, Insanity Cause No. 13994.

The proceedings in the court below which are relevant to this petition are as follows:

On the 7th day of November 1961 an information for grand theft, a felony, was filed against respondent by the county attorney of Maricopa County, which information was designated as Criminal Cause No. 38651 by the Clerk of the Superior Court. The trial of the action resulted in a mistrial when the jury failed to reach a verdict and thereafter the cause was reset. On the 24th of April 1962 a petition was filed in the Superior Court against the respondent, alleging he was mentally incompetent. At the conclusion of the hearing respondent Steward was ordered detained in the Camelback Hospital in Phoenix, Arizona. Subsequently, on July 2, 1962, the criminal cause was reset for trial for September 17, 1962.

On the 6th day of July of the same year, petitioner filed with the respondent judge a written request for examination of defend-

ant's mental condition prior to trial, pursuant to Rule 250 of the Rules of Criminal Procedure, 17 A.R.S. On the 12th day of July 1962 the request for examination of respondent was denied by the respondent judge. On the 17th of September 1962 the trial setting in the criminal matter was vacated and reset for October 24, 1962, for the reason that this petition was pending before the Supreme Court.

It is contended the respondent judge exceeded his jurisdiction in denying petitioner's request for an examination of respondent Steward since there were reasonable grounds to believe the defendant was mentally defective to the point that in view of the facts and circumstances in the case it was obligatory upon him to immediately set the time for hearing to determine the defendant's mental competency as provided under Rule 250. This rule reads:

"A. *If* before or during the trial, *the court has reasonable ground to believe* that the defendant, against whom an indictment has been found or information filed, is insane or mentally defective, to the extent that he is unable to understand the proceedings against him or to assist in his defense, the court shall immediately set a time for a hearing to determine the defendant's mental condition. \* \* \*" (Emphasis supplied.)

In State v. De Vote, 87 Ariz. 179, 182, 349 P.2d 189, 192 (1960), we said:

" \* \* \* [I]t is for the trial judge to determine in the first instance whether there was *'reasonable ground'* to believe that the defendant was insane or mentally defective within the meaning of Rule 250. Only in the event that he was of the opinion that there was such reasonable ground was it obligatory to order a hearing." (Emphasis supplied.)

See also State v. Reid, 87 Ariz. 123, 348 P.2d 731 (1960).

In the case before us the respondent judge refused to order a Rule 250 hearing because:

" \* \* \* [T]he judgment of commitment under the Mental Health Statutes, \* \* \* under the circumstances presented, is of greater dignity than under Criminal Rule 250 and at least so long as the defendant is confined for treatment under the Mental Health procedures, such cofinement is binding upon the court in the criminal action."

Clearly, it is for the judge to decide when there are "reasonable grounds" for belief of incompetency, but the ruling in this instance substitutes the findings in the civil

proceeding for findings that should be made under the provisions of Rule 250. The court, in effect, finds that because of respondent Steward's restraint under the civil judgment he is unable to "understand the proceedings against him or to assist in his defense."

The standard for determining incompetency in a civil proceeding differs from that of a criminal proceeding. A.R.S. § 36-501(2) which governs in civil sanity hearings reads:

"'Mentally ill persons' means persons of such mental condition that they are dangerous to themselves or to the person or property of others and are in need of supervision, treatment, care or restraint."

Whereas the degree of incompetency which will prevent criminal proceedings against a person is that he "is insane or mentally defective, to the extent that he is unable to understand the proceedings against him or to assist in his defense." Consequently, it is error for the respondent judge to substitute the civil judgment for that of his own in a criminal action.

Furthermore, we said in State v. Voeckell, 69 Ariz. 145, 151, 210 P.2d 972 (1949):

"* * * The usual insanity proceedings were left unchanged by our adoption of the new Rules of Criminal Procedure. *But these rules did change the procedure for determining whether an accused should be put to trial when 'before or during the trial the court has reasonable ground to believe that the defendant * * * is insane * *.'*" (Emphasis supplied.)

Therefore, the court's position that the mental health proceeding is of "greater dignity" and is "binding" on a criminal action is unsupported by the law.

The petitioner's application for a writ of certiorari is granted and the order of the lower court refusing to grant a hearing pursuant to Rule 250 is set aside. The court is directed to conduct such hearing, as requested by petitioner on the 6th day of July, 1962, to determine the mental competency of the respondent Steward.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS, and LOCKWOOD, JJ., concur.