381 P.2d 954

The STATE of Arizona, Plaintiff,

v.

James Wayne BUCHANAN, Defendant.

No. 1291.

Supreme Court of Arizona.

In Division.

May 22, 1963.

1. Day v. Wiswall, 381 P.2d 217 (Arizona).

Robert W. Pickrell, Atty. Gen., Jack I. Podret, County Atty. of Pima County and William J. Schafer, III, Deputy County Atty., Tucson, for plaintiff.

Martin H. Schulman, Tucson, for defendant.

STRUCKMEYER, Justice.

This cause was certified to this Court pursuant to Rule 346, Rules of Criminal Procedure, 17 A.R.S., for determination of an important and doubtful question of law.

The facts necessary to answer the question certified are these: The defendant was charged with robbery on February 2, 1962. On March 16, 1962, in a proper civil proceeding, A.R.S. § 36–514 et seq., he was adjudicated mentally ill and incompetent and ordered committed to a mental institution until restored to reason or otherwise dis-

charged according to law. He had not been discharged or otherwise restored to competency as provided by law when he was tried and convicted of the offense of robbery on August 11, 1962. Neither the State nor the defendant requested nor did the trial judge on his own motion order a hearing pursuant to Rule 250, Rules of Criminal Procedure, to determine if defendant was insane or mentally defective to the extent that he was unable to understand the proceedings against him or to assist in his defense.

■■■ The court below certified this question.

"Is the trial and verdict herein rendered void, and/or is the court precluded from passing sentence herein upon the verdict rendered, by reason of the fact that subsequent to the filing of the information herein, the defendant was committed to a United States Air Force Hospital as being mentally ill in pursuance of Section 36–514–C A.R.S., and at the same time adjudicated incompetent, in pursuance of Section 36–514–D A.R.S., without any certificate showing a restoration to competency in pursuance of either Section 36–524 A.R.S. or Section 14–898 A.R.S. having been filed with the court prior to the time of the trial and verdict, and without any order restoring the defendant to competency being entered by the court prior to the time of said trial and verdict and to this date?"

The question certified is answered in the negative.

Subsequent to the action of the lower court certifying the foregoing question we handed down the decision in State ex rel. Ronan v. Stevens, 92 Ariz. 227, 375 P.2d 717. There we said that the finding of civil incompetency did not preclude the superior court from proceeding in a criminal cause pointing out that there are different degrees of mental incompetency. The requisite mental capacity to stand trial is that a defendant must be able to understand the proceedings against him and to assist in his own defense.

■■■ The certificate contemplated by § 36–524, subd. G is intended to be conclusive evidence of the fact that an individual has been restored to competency and is able to manage his own affairs. That this defendant did not have such a certificate and that a certificate was not filed with the court prior to trial is not determinative of the question whether defendant was mentally defective to the extent that he was unable to understand the proceedings against him or to assist in his defense. The trial and verdict rendered herein are not void nor is the court precluded from passing sentence by reason of the facts as stated.

■■■ We have pointed out before that it is the responsibility of the trial judge to de-

cide when there are reasonable grounds for belief that the defendant is insane or mentally defective to the extent that he is unable to understand the proceedings against him or to assist in his defense under Rule 250. State ex rel. Ronan v. Stevens, supra; State v. De Vote, 87 Ariz. 179, 349 P.2d 189; State v. Reid, 87 Ariz. 123, 348 P.2d 731. If the trial judge upon being advised of a civil adjudication of incompetency is of the view under the particular circumstances of the case that this gives rise to reasonable ground to order a hearing under Rule 250, he may do so in the exercise of his broad discretion.

A consideration of all the facts certified by the trial judge demonstrates why the failure to invoke the provisions of Rule 250 should not automatically render null and void subsequent proceedings as violative of the accused's basic rights. The defendant's case was tried to a jury which found the defendant guilty as charged. He was at that time represented by counsel who gave notice pursuant to Rule 192, Rules of Criminal Procedure that the defense of insanity at the time the crime was committed would be raised at the trial. This was one of the issues tried to the jury and resolved against him.

Thereafter, the state secured a document duly certified and filed in this cause in opposition to the defendant's motion in arrest of judgment showing that defendant was evaluated by the staff of a psychiatric clinic of the United States Air Force Hospital, Lackland Air Force Base, Texas; that after appearing before a sanity board convened under the provisions of the United State Uniform Code of Military Justice, Paragraph 121, Manual for Courts-Martial, was discharged to duty; that discharge to duty possesses the connotation that the person is considered competent to discharge his functions, both official and private.

There is no suggestion from the facts certified that defendant's counsel believed defendant was unable to understand the proceedings against him or to assist in his own defense. There is no reason on the record here to assume that defendant was in fact deprived of an opportunity to present any defense in full which might have been available to him or that he had anything less than a fair trial in the fullest sense.

UDALL, V. C. J., and LOCKWOOD, J., concur.