396 P.2d 613

**The STATE of Arizona, Petitioner,**

**v.**

**SHERIFF OF PIMA COUNTY, Supervisor, Arizona State Hospital, and Peter Benson Damskey, Respondents.**

**No. 8520.**

Supreme Court of Arizona.

En Banc.

Nov. 18, 1964.

Norman E. Green, County Atty., Pima County, by William J. Schafer, III, Asst.

County Atty., for petitioner State of Arizona.

John R. McDonald and H. Earl Rogge, Jr., Tucson, for respondent Peter Benson Damskey.

UDALL, Chief Justice.

The State of Arizona sought a writ of habeas corpus ad prosequendum in this Court to direct the Sheriff of Pima County and the Supervisor of the Arizona State Hospital, to release and transport Peter Damskey to the Justice of the Peace Court in Pima County for a preliminary examination on the charges of murder and assault with intent to commit murder pending before that Justice of the Peace Court. That writ was granted by this Court on October 6, 1964.

The pertinent facts are as follows: On May 20, 1964, a criminal complaint was filed against Peter Damskey charging him with murder and assault with intent to commit murder. Before the set time for his preliminary examination arrived, Damskey was committed on June 4, 1964 to the Arizona State Hospital in Phoenix by the Superior Court of Pima County upon a civil commitment pursuant to A.R.S. §§ 36–501 et seq. (1958). Two successive writs (habeas corpus ad prosequendum) issued below by the Superior Court of Pima County to require the appearance of Damskey at a preliminary examination on certain dates

were appealed and suspended by the posting of supersedeas bonds pending the appeals. These two appeals are now moot since both of the dates have since passed. The State then sought relief in an original proceeding in this Court by way of a writ of habeas corpus ad prosequendum.

■ Contrary to the contention of the respondent Damskey, we feel that the writ of habeas corpus ad prosequendum was a proper remedy in this case. Such a writ may be used by either the State or the accused to return the accused to the county where criminal charges have been filed for the purpose of a preliminary examination. Davis v. County Attorney, Tulsa County, 394 P.2d 243 (Okla.Crim.App.1964); Drew v. County Attorney, Tulsa County, 394 P.2d 246 (Okla.Crim.App.1964).

■ In addition, contrary to respondent Damskey's contention, this Court can issue such a writ since it has "(o)riginal jurisdiction of habeas corpus, and quo warranto, mandamus, injunction and other extraordinary writs to state officers." Ariz. Const., Art. 6, § 5, A.R.S. (1960). It is also settled that a person confined in the State Hospital under a civil commitment is subject to criminal prosecution. See State v. Buchanan, 94 Ariz. 100, 381 P.2d 954 (1963); State ex rel. Ronan v. Stevens, 92 Ariz. 227, 375 P.2d 717 (1962).

■ We therefore hold that the writ of habeas corpus ad prosequendum was a prop-

er remedy of the State to return Damskey from the State Hospital to Pima County Justice of the Peace Court for a preliminary examination on criminal charges previously filed against him.

Writ granted.

LOCKWOOD, V. C. J., and STRUCKMEYER, BERNSTEIN and SCRUGGS, JJ., concur.