424 P.2d 848

Katherine Haviland McWILLIAMS, Petitioner,

v.

JUSTICE COURT, TUCSON PRECINCT NO. I, PIMA COUNTY, Arizona, and the Honorable Justice of the Peace, Toby LaVetter, Respondents.

No. 2 CA–CIV 354.

Court of Appeals of Arizona.

March 7, 1967.

Rehearing Denied April 13, 1967.

Review Denied May 16, 1967.

Miller & Pitt, by David J. Leonard, Silver, Silver, Ettinger & Karp, by Leonard I. Karp, Tucson, for petitioner.

William J. Schafer, III, Pima County Atty., Rubin Salter, Deputy County Atty., Tucson, for respondents.

HATHAWAY, Chief Judge.

The petitioner has instituted original proceedings in prohibition seeking to restrain the respondent justice of the peace from proceeding with a preliminary hearing in the case of State of Arizona v. Katherine Haviland McWilliams wherein petitioner is charged with murder and attempted murder. After presentation of oral arguments, we issued an alternative writ of prohibition ordering the respondent to refrain from conducting a preliminary examination until further order of this court.

Briefly, the following transpired. A preliminary hearing was set for December 14.

1966. On or about November 28, 1966, petitioner's attorneys filed a motion in justice court seeking a continuance of the preliminary hearing "until defendant is able to attend her Preliminary Hearing without seriously endangering her health, or in the alternative until defendant is able to understand the proceedings against her and is able to assist in her defense, or in the alternative until the Court deems just."

Attached to the motion were affidavits of the attorneys and a psychiatrist who had previously examined the petitioner. The attorneys' affidavits in substance stated their respective conclusions that the defendant was unable to assist in her defense. In his affidavit, Dr. Shenkel, a psychiatrist appointed to examine the defendant in prior civil sanity proceedings under Title 36, Arizona Revised Statutes, stated his opinion that the defendant's mental health would be endangered if she were required to submit to a preliminary examination and that in the foreseeable future she might be better able to withstand the effects of such a hearing. The doctor's affidavit further recited that his examination of the defendant was made on November 2, 1966, "in order to determine whether she had a mental illness and was likely to be dangerous to herself or to the person or property of others if permitted to remain at large."

On December 5, 1966, the respondent court held a hearing on the motion for continuance. A photocopy of the transcript has been filed in this court. Defendant's counsel testified that he had last seen the defendant two weeks previously at the Arizona State Hospital, that she was still in the hospital, and had been adjudged mentally ill in a civil proceeding. The deputy county attorney, representing the State, testified that Dr. Baker, chief forensic psychiatrist at the hospital, examined the defendant at his request specifically for the purpose of determining whether the defendant's health would be endangered by attending a preliminary hearing. The State's attorney's affidavit, filed in justice court, stated that he had had a conversation with Dr. Baker on December 2, 1966 concerning the doctor's examination of the defendant that same day and that the doctor reported that the defendant understood that charges were pending against her and participation in her preliminary hearing would not be detrimental to her.

The thrust of defense counsel's argument was that failure to grant a continuance, in the light of defendant's mental state, would violate her constitutional and statutory rights: The right to attend the preliminary hearing, to be present when witnesses are examined, the right to cross-examine and make a statement in her own defense and the right to aid and assist her attorneys. Arizona Constitution, Article 2, Section 30, A.R.S.; Rules of Criminal Procedure, Rules 23-26 and Rule 79, 17 A.R.S. It was argued that holding a preliminary hearing when the defendant fails to comprehend the nature of the proceedings and is unable to assist defense counsel is the equivalent of a preliminary hearing held in the absence of the defendant.

The State, in response to the petition for a writ of prohibition, contends that relief by way of prohibition is not available to the petitioner since the magistrate, in holding a preliminary hearing, is acting within his jurisdiction. The petitioner, on the other hand, claims that the holding of a preliminary hearing without a prior determination of her sanity constitutes an "excess of jurisdiction," inflicting irreparable harm on her in that she will be denied her constitutional rights and will suffer serious mental health impairment.

The only statutory authority for proceedings to test present insanity in a criminal case is Rule 250, Rules of Criminal Procedure, which provides:

"A. If before or during the trial the court has reasonable ground to believe that the defendant, against whom an indictment has been found or information filed, is insane or mentally defective, to the extent that he is unable to understand the proceedings against him or to assist

in his defense, the court shall immediately set a time for a hearing to determine the defendant's mental condition. The court may appoint two disinterested qualified experts to examine the defendant with regard to his present mental condition and to testify at the hearing. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party.

"B. If the court, after the hearing, decides that the defendant is able to understand the proceedings and to assist in his defense it shall proceed with the trial. If it decides that the defendant through insanity or mental deficiency is not able to understand the proceedings or to assist in his defense, it shall have the defendant committed to the institution authorized to receive him, and the commitment of the defendant shall exonerate his bail. If thereafter the authorized officer of such institution is of the opinion that the defendant is able to understand the proceedings and to assist in his defense, he shall report such fact to the court which conducted the hearing. If the officer so reports, the court shall proceed with the trial, and may again admit the defendant to bail, if he is bailable."

■ ■ A reading of the rule indicates that it has no application to preliminary hearings since the rule does not come into play until an indictment has been found or an information filed. A committing magistrate, who has no jurisdiction to try a felony case and whose sole function is to hold a preliminary hearing to determine whether there is probable cause that the defendant committed the offense charged in the complaint and hold the defendant to answer if the existence of probable cause is found, has no authority to hold a Rule 250 hearing. No one contends that the magistrate would have jurisdiction to order the defendant committed, as authorized by said rule.

It thus appears that the legislature intended the issue of a defendant's present insanity to be resolved by the court having jurisdiction to *try* the defendant. See Ex parte Charlton, 185 F. 880 (1911), aff'd, 229 U.S. 447, 33 S.Ct. 945, 57 L.Ed. 1274 (1913). Judicial inquiry into a defendant's ability to present a defense is thus vested in the trial court. We do not now pass upon the question of whether A.R.S. § 22–313 authorizes a Rule 250 proceeding in justice court when a defendant's present insanity is raised in a criminal case triable in justice court.

■ It is a cardinal principle in this jurisdiction, however, that due process of law requires a preliminary hearing which comports with the requirements of due process. State v. Essman, 98 Ariz. 228, 403 P.2d 540 (1965). It has been held in Flint v. Sater, Okl.Cr., 374 P.2d 929 (1962) that a preliminary hearing which is conducted while a defendant is insane is a nullity. The Oklahoma court stated:

"If he be found presently sane, [after a jury trial in the trial court on the issue of present sanity], the case should proceed to trial on its merits. If, on the other hand, it is determined by the jury that he is presently insane, he should be committed to a State Mental Institution until he is capable of standing trial.

"When he is returned for trial, the prior preliminary hearing being a nullity because of defendant's insanity, it becomes the trial court's mandatory duty to order a new preliminary hearing."

374 P.2d at 932–933.

(The Oklahoma court refused to prohibit the committing magistrate from conducting a preliminary hearing.)

As pointed out by Prof. Henry Wiehofen in his book Insanity as a Defense in Criminal Law:

"The earliest opportunity at which a defendant's present mental condition may be questioned is when he is first brought before an examining magistrate on a charge of crime. The question very seldom arises at this stage, however; usually both the magistrate and

the defense prefer to leave the question to the trial court. * * *

"The question of present sanity at this stage of the proceedings has not generally been made the subject of statutory regulation."

(p. 341)

■ Notwithstanding the lack of statutory provision for inquiry into a defendant's present sanity at the time of preliminary examination, the judiciary has an inherent right and duty to protect the rights of insane litigants. Cubbison v. Cubbison, 45 Ariz. 14, 22, 40 P.2d 86 (1935). The magistrate, at the hearing on the motion for continuance, was cognizant of his duty when he commented:

"The time has come, of course, if somebody came in here and I personally know is absolutely off and so forth and so on, what is the use of even having a Preliminary Hearing."

■ Defense counsel argued that Dr. Shenkel's affidavit attested to such fact but the magistrate indicated that more of a showing was necessary since the examination by Dr. Shenkel occurred on November 2, more than three weeks prior to the filing of the motion for a continuance. We find no error in the magistrate's refusal to grant a continuance on the basis of Dr. Shenkel's examination for purposes of a civil commitment. A finding of civil incompetency does not preclude criminal prosecution. State v. Buchanan, 94 Ariz. 100, 102, 381 P.2d 954 (1963); State v. Sheriff of Pima County, 97 Ariz. 42, 43, 396 P.2d 613 (1964). As pointed out in State ex rel. Ronan v. Stevens, 92 Ariz. 227, 375 P.2d 717 (1962), there are different degrees of mental incompetency and a "mentally ill person" as defined in A.R.S. § 36–501(2) may be competent to the extent that "he is [able] to understand the proceedings against him and to assist in his defense."

We believe, however, that the lapse of time between Dr. Shenkel's examination of petitioner and the time of his affidavit was a factor to be considered as bearing on the issue of *present* insanity. Under such circumstances, the magistrate's refusal to accept it as conclusive was proper. He did not foreclose defense counsel from presenting further proof and indicated he would allow presentation of additional psychiatric testimony concerning the petitioner's condition.

■ A preliminary hearing may be continued by the magistrate for good cause. Rule 20, Rules of Criminal Procedure. Whether or not to grant a continuance, however, rests in the sound discretion of the magistrate. 22 C.J.S. Criminal Law § 335-b. Where a trial continuance is sought on the grounds of mental incapacity of the defendant:

"The court may in its discretion deny an application for continuance whether the evidence that accused is able to proceed is uncontradicted or conflicting, or where the evidence that he is unable to proceed is indefinite and unsatisfactory, although where the evidence is uncontradicted to the effect that accused's condition precludes his going to trial, a continuance should be granted. In passing on a motion in a criminal case for a continuance on the ground of the physical condition of the accused, the trial judge may consider both the testimony produced and the condition of accused as it appears to the court * * *."

22A C.J.S. Criminal Law § 485, p. 102.

In the case of Atkinson v. State, 223 Ark. 538, 267 S.W.2d 304 (1954), the trial court's refusal to grant a continuance was held not to constitute an abuse of discretion where the report of the state hospital indicated mental competency of the accused although a letter from the accused's physician-psychiatrist expressed a contrary opinion.

■ In the case at bar, under the facts and the state of the evidence, we cannot say the magistrate erred in refusing to postpone the preliminary hearing. He

recognized the futility of holding a preliminary hearing in the event the petitioner would be unable to understand the nature of the proceedings or assist defense counsel. The inadequacy of the preliminary hearing would render an information subsequently filed vulnerable to attack. Martin v. Superior Court, 96 Ariz. 282, 394 P.2d 211 (1964); State v. Essman, supra. The following comment of Justice Udall, speaking for the Arizona Supreme Court, in State v. McClendon, 101 Ariz. 285, 419 P.2d 69 (1966), should be applicable to a preliminary examination:

"It is our belief it would be a reproach to justice if a man, while suffering from a temporary amnesic condition which could be alleviated by a reasonable amount of treatment, was compelled to go to trial at a time when he was not sufficiently in possession of his memory to enable him to properly assist his counsel. It would be a similar reproach if a man, while suffering from amnesia of an uncertain type and extent, was compelled to go to trial when the possibility existed that a further examination would reveal his condition to be temporary and susceptible to treatment. In both instances, if a reasonable continuance was not granted the safeguards which the law adopts in the punishment of crime and the upholding of justice would be rudely invaded by the courts whose duty it is to uphold the law in all its integrity."

419 P.2d at 72.

We believe that the petitioner did not meet the "good cause" prerequisite to granting a continuance. The burden was hers in this regard. 22A C.J.S. Criminal Law § 520-b. There appears neither usurpation of jurisdiction nor abuse of discretion by the magistrate so as to require the intervention of this court by way of prohibition.

For the reasons herein expressed, the alternative writ of prohibition is quashed.

KRUCKER and MOLLOY, JJ., concur.