466 P.2d 9

John F. SWARTZ, Successor-Guardian of Elizabeth Ann Nielsen, Incompetent, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, and Honorable Edwin S. Thurston, Judge of the Superior Court of Arizona, In and For the County of Maricopa, and Elizabeth Ann Nielsen, Incompetent, Respondents.

No. 9840.

Supreme Court of Arizona, In Banc.

March 12, 1970.

Evans & Kunz, by Donald R. Kunz, Phoenix, for petitioner.

Lewis Roca Beauchamp & Linton, by Charles Crehore, Phoenix, for respondents.

LOCKWOOD, Chief Justice.

On December 2, 1969, we granted a writ of certiorari in the above-captioned matter, advising that our opinion would be filed later.

Respondent, Elizabeth Ann Nielsen, was involuntarily committed to the Arizona State Hospital as a paranoid schizophrenic, by a proceeding brought by her neighbors under A.R.S. Title 36 pertaining to mental health. John F. Swartz is the present legal guardian of her estate, appointed in a proceeding brought under A.R.S. Title 14, § 14-861 et seq., pertaining to guardianships for incompetents. In January, 1966, about a year after her commitment, Mrs. Nielsen left the state. Petitioner terms her departure an "escape", but her attorney states that she was permitted by the State Hospital to live in her own apartment in Tempe

where she was studying at A.S.U. for her Ph.D. degree, and she merely went away. In any event she was carried on the hospital's books as an "unauthorized absentee" and it is admitted that she has never returned to Arizona. Eight months later she wrote the State Hospital from Chicago, asking that it arrange to declare her to be competent and to give her a permanent discharge. The hospital contacted Swartz and promised him in writing that it would take no action in the matter and would rely upon him to handle it. Swartz immediately wrote to his ward and asked her to contact him to arrange for clearing up the matter.

On October 17, 1966, ten months after her "escape", the superintendent of the State Hospital, without seeing her or giving notice to her guardian, sent her a "Certificate of Complete Discharge" and a "Certificate of Restoration to Competency." The first document recited that she was examined (although obviously this was not true), and that, in the opinion of the superintendent, the conditions justifying the hospitalization no longer obtained.[1] Swartz contacted the superintendent, who explained that the certificates were an administrative method of clearing the hospital records so that the woman would no longer have to be carried on their records as an unauthorized absentee; the certificates, he said, were not intended to constitute a medical or judicial discharge.

On November 9, 1966, based solely upon one or both of the above-described certificates, and relying upon A.R.S. § 36–524, subsec. G, Superior Court Judge Myers entered an order restoring Mrs. Nielsen to full competency and full civil rights.[2] No notice of the order was given to the guardian.

During the ward's absence she appears to have lived in both Chicago and Washington, and to have married at least once. Since the Superior Court's order, she has corresponded with her guardian and has asked him to surrender her property which appears to be of substantial value, as the guardian's bond is $180,000. Her letters to her guardian are hostile and, to say the least, eccentric. The guardian, believing that it would be improper to relinquish his office if she is not mentally well, has refused to give her anything until she returns to Arizona to be examined, since no examination was given her at the time she was given the certificates by the hospital superintendent.

In August, 1969, she retained Phoenix counsel to file a petition in the guardianship case, asking for restoration to competency, pursuant to A.R.S. § 14–864, which specifically provides that the guardian may contest the petition. Swartz did contest it, asking only that his ward be examined before deciding the issue. The petition was later amended to ask for removal of the guardian for improper handling of the ward's assets. To obtain evidence for the trial of the matter, Swartz filed a motion for a mental examination. This was denied by Judge Thurston on the sole ground that

1. A.R.S. § 36–524, subsec. D. reads as follows: "The superintendent, as frequently as necessary, shall examine or cause to be examined every patient. When the superintendent determines that the conditions justifying hospitalization under § 36–514 no longer obtain, he shall give the patient a complete discharge. A copy of the complete discharge shall be sent to the clerk of the court where such proceedings were held.

2. A.R.S. § 36–524, subsec. G. provides: "Any person adjudicated incompetent receiving a complete discharge from the state hospital or other designated facility, who, in the opinion of the superintendent, has been restored to competency and able to manage his own affairs, shall be furnished by the superintendent with a certificate to that effect. A certified copy of the certificate shall be sent by the superintendent to the superior court under whose order the patient was hospitalized. Thereupon the court shall enter an order that the person has been restored to full competency and to full civil rights. The person may present the certificate to any superior court and the court shall enter an order that the person has been restored to full competency and to full civil rights."

Judge Myers' previous order was an adjudication of the issue and it would not be open to question. Swartz then asked to take his ward's deposition, but leave to do so was denied for the same reason. By stipulation, Swartz deposited all of the guardianship assets with the Superior Court Clerk, and states that he has no interest in the outcome of the case other than the hope of a conscientious guardian that a large amount of money and property will not be turned over to one who is not competent to take care of it.

Respondent's contention is that the guardianship was accomplished by taking to a superior court judge, the order adjudicating Mrs. Nielsen incompetent in the A.R.S. Title 36 proceeding; that since the Title 36 proceeding has terminated by an order of restoration to competency, the guardianship on which it was based must now be terminated.

Petitioner contends that the guardian was appointed in a Title 14 (A.R.S.) proceeding and that any proceedings had under Title 36, without notice to the guardian, are not binding in the Title 14 proceeding.

Judge Thurston, by his order and comments, has made it clear that the guardian will be prevented from inquiring into the mental condition of his ward, because Judge Myers' order has settled that question. The trial judge indicated that the hearing will be confined to ascertaining whether the guardian's accounting is correct.

Official acts of public officers are presumed to be correct and legal, in the absence of clear and convincing evidence to the contrary. Burri v. Campbell, 102 Ariz. 541, 434 P.2d 627. Hence a certificate issued by the Superintendent of the State Hospital pursuant to § 36–524, supra, is conclusive evidence of the fact of restoration of a patient to competency in the absence of such clear and convincing proof in a proceeding under the provisions of Title 36. See State v. Buchanan, 94 Ariz. 100, 381 P.2d 954. No such evidence was presented in that proceeding, hence the judgment of competency was valid and cannot

be attacked collaterally by the guardian in a separate and subsequent proceeding under Title 14.

We do not wish to be understood as approving the use of the certificate authorized under § 36–524, subsec. D by the Superintendent of the State Hospital as a mere "administrative method of clearing hospital records * * * not intended to constitute a medical or judicial discharge." If the certificate were attacked as false in a proceeding under Title 36 by evidence clearly showing that it was based on false statements under oath, there might be grave consequences. However, we do not have that question before us, in the present case.

Judge Thurston did not exceed his jurisdiction in refusing to permit the guardian to raise the question of actual competency of the ward.

The stay order granted herein is vacated and the Clerk will return the record to the Superior Court for further proceedings consistent with this opinion.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND, and HAYS, JJ., concur.