584

509 P.2d 715

**STATE of Arizona, Appellee,**

v.

**Ralph Alexander CLEMONS, Appellant.**

**No. 1 CA–CR 497.**

Court of Appeals of Arizona,
Division 1, Department A.

May 10, 1973.

Rehearing Denied June 8, 1973.
Review Granted July 17, 1973.

Gary K. Nelson, Atty. Gen., by William J. Schafer III, and Thomas A. Jacobs, Asst. Attys. Gen., for appellee.

Ross P. Lee, Public Defender for Maricopa County, by Anne' Kappes, Deputy Public Defender, for appellant.

STEVENS, Judge.

The appellant is Ralph Alexander Clemons, the defendant in the above-numbered criminal cause. In the Superior Court the defendant was charged in a three-count felony information, all counts arising out of a single transaction. He was tried by The Honorable Marilyn A. Riddel, presiding without a jury. At the conclusion of the trial, Judge Riddel entered the following orders:

"IT IS THE FINDING OF THIS COURT and the Verdict of this Court that the Defendant is not guilty by reason of insanity of Count I, Burglary, Count II, Aggravated Battery and Count III, Rape.

"IT IS THE FURTHER FINDING OF THIS COURT that the present mental condition of the Defendant does justify

confinement to the Arizona State Hospital.

"IT IS THEREFORE ORDERED that Ralph Alexander Clemons be committed to the Arizona State Hospital pursuant to A.R.S. 13–1621.01, to be released only after a determination by a jury that he is no longer a danger to himself or to others.

"IT IS FURTHER ORDERED that the Defendant be remanded to the custody of the Sheriff for transportation to the Arizona State Hospital as soon as possible."

The Honorable Rufus C. Coulter, Jr., presided at a later jury trial to consider the release of the defendant as set forth in Judge Riddel's order. This was determined adversely to the defendant and this appeal followed.

In 1968 the Arizona Legislature adopted Chapter 105 which amended A.R.S. § 13–1621 and added A.R.S. § 13–1621.01. The amendment of A.R.S. § 13–1621 is discussed in the case of State of Arizona ex rel. Berger v. Superior Court, 106 Ariz. 365, 476 P.2d 666 (1970). A.R.S. § 13–1621.01 is the section with which we are concerned in this appeal. In 1958 the Arizona Legislature adopted Chapter 84 making extensive changes in our mental health laws. This chapter includes A.R.S. §§ 36–501 to 36–526 inclusive. Collectively, these sections will be referred to as Title 36 proceedings. Title 36 proceedings are without reference to prior criminal charges.

The defendant urges, since he was found not guilty, albeit not guilty by reason of insanity, that he has been denied the due process of the law in that his present commitment to the Arizona State Hospital was entered pursuant to A.R.S. § 13–1621.01 and not pursuant to Title 36. In this connection he especially urges that the provisions for the release of an Arizona State Hospital patient are more liberal under Title 36 than are the provisions for the release of a patient who had theretofore been committed under A.R.S. § 13–1621.01.

A.R.S. § 13–1621, as amended in 1968, appears to embrace all of the remedies available under Rule 250, Rules of Criminal Procedure, 17 A.R.S. Pursuant to this section, and before trial, inquiry may be made as to whether, at the time of trial, the defendant "suffers from a mental illness or defect which renders him unable to understand the proceedings against him or to assist in his own defense". A.R.S. § 13–1621, subsec. B. The time elements and procedures appear to provide for a better protection of a defendant than those under Criminal Rule 250. In addition A.R.S. § 13–1621, as amended, requires inquiry into a defendant's mental health as of the date of the alleged offense, matters not within the scope of Criminal Rule 250.

After the defendant was bound over by the Justice Court to the Superior Court, he received extensive hospitalization, care and treatment at the Arizona State Hospital pursuant to orders entered under the authority of A.R.S. § 13–1621. The appropriate reports were made and hearings were had before it was determined by court order that the defendant was mentally capable of meeting the tests of understanding and cooperation. It was only thereafter that his case was tried on its merits by Judge Riddel who entered the finding and orders quoted above.

The defendant complains that the A.R.S. § 13–1621.01 post-trial proceedings differ from those called for by Criminal Rule 288 which provides for a Title 36 proceeding following a finding of not guilty by reason of insanity. We are unable to agree that the defendant's position in this respect has a valid due process foundation.

The defendant urges that a jury verdict or a trial court finding of not guilty by reason of insanity is the same as a verdict or a finding of not guilty and that in each instance the defendant must be accorded the identical Title 36 procedures. We do not agree. We hold that it is a reasonable classification to provide one series of procedures for persons who have been found not guilty by reason of insanity

and another series of procedures for a person who has been found not guilty or against whom criminal charges have not been filed. In Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966), the Supreme Court of the United States recognized that:

" * * * Equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made." 383 U.S. at 111, 86 S.Ct. at 763, 16 L.Ed.2d at 624.

The classifications of which we approve are of long standing in the State of New York. In People ex rel. Peabody v. Chanler, 133 App.Div. 159, 117 N.Y.S. 322 (1909), the Supreme Court of the State of New York, Appellate Division, Second Department, these classifications were recognized in separate opinions, one authored by Justice Jenks with two Justices concurring and one authored by Justice Rich. The Justice Jenks and Justice Rich opinions were affirmed by the Court of Appeals of New York in a brief per curiam order reported in 196 N.Y. 525, 89 N.E. at page 1109. The validity of these classifications was recognized again by the Court of Appeals of New York in People v. Lally, 19 N.Y.2d 27, 277 N.Y.S.2d 654, 224 N. E.2d 87 (1966), by express reference to the State ex rel. Peabody v. Chanler case.

Our reading of some cases discloses statutes which differ from ours. Under those statutes a defendant who has been found not guilty by reason of insanity is automatically committed to a mental institution. Those same statutes do not afford a future remedy whereby the defendant can secure a hearing and his release based upon his condition of sanity as of the date of the later hearing. In our opinion A.R.S. § 13–1621.01 affords the remedy whereby the defendant can establish a changed mental condition, that is, that he is no longer dangerous to himself or others.

The test applied before one is committed under a Title 36 proceeding is found in A. R.S. § 36–501, subsec. 6:

"6. 'Mental illness or mentally ill' means a psychiatric disorder which substantially impairs mental health; or a psychiatric disorder to such a degree that a person having such *is likely to be dangerous* to himself or the person or property of others; and, in either case, is in need of supervision, care, treatment or hospitalization." (Emphasis Added).

A person meeting that test may be committed by a Superior Court judge in a Title 36 proceeding:

" * * * if the court believes it to be in the best interest of the proposed patient for whom the petition is made it shall approve the petition * * *." A.R.S. § 36–505, subsec. C.

■ A defendant may be mentally ill to the extent of a Title 36 commitment and still be mentally qualified to stand trial. State of Arizona v. Stevens, Judge, 92 Ariz. 227, 375 P.2d 717 (1962).

A.R.S. §§ 13–1621 and 13–1621.01 have been the subject of Arizona Supreme Court opinions. The Supreme Court in the case of State v. Blazak, 105 Ariz. 216, 462 P.2d 84 (1969), recognizes the validity of the procedural rules contained in these two sections pending the Arizona Supreme Court's adoption of superseding rules. In State v. Shaw, 106 Ariz. 103, 471 P.2d 715 (1970), our Supreme Court held unconstitutional the bifurcated trial feature of these two sections insofar as the bifurcation appeared to deprive the defendant, in the trial of the issue of guilt or innocence, of the privilege of establishing his defense of insanity as of the date of the offense.

The case of State ex rel. Berger v. Superior Court, 106 Ariz. 365, 476 P.2d 666 (1970), is more closely related to the case now before this Court. Therein the defendant Haletky had been found not guilty by reason of insanity. It was proposed that a subsequent trial be held under A.R.

S. § 13–1621.01 on the issue of the defendant's then present "danger to herself or others". The Supreme Court refused to restrain the subsequent trial, thereby approving the procedural posture we have before us out of which this appeal arose. The Supreme Court carefully reviewed A. R.S. § 13–1621.01 and expressly held that stated portions thereof were severable from the balance of the section and that the portions so set forth were constitutional notwithstanding Shaw, supra. The Court outlines the three objectives of the Legislature in passing the act. In relation to the third objective the Court stated:

" * * * the third which we are concerned with in the instant case was to provide a procedure for determination: "1. As to whether, when a defendant is found not guilty by reason of insanity, he should be confined in an appropriate institution; and, 2. If so confined, the procedure to be followed to subsequently secure his release if he is no longer a danger to himself or others.

"We must therefore determine whether the third objective of the legislature is severable from the second. The language of the Act providing the third objective shows the intent of the legislature to set up *a better procedure* which would prevent the release of a defendant who is found not guilty by reason of insanity where the defendant is dangerous to be at large and provides *a better and safer procedure* of preventing his release as long as this danger continues. This is independent of the question as to whether he is not guilty by reason of insanity." (Emphasis Added). 106 Ariz. at 371, 476 P.2d at 672.

The Supreme Court pointed out that a defendant's release after a finding of not guilty by reason of insanity is a civil proceeding wherein the defendant bears the normal civil burden of proof.

We have not overlooked the cases cited by the defendant. In each instance there is a different type of statute, or a different mental condition, or a different factual background.

It is urged that we should follow the new Rules of Criminal Procedure which have been adopted by our Supreme Court, effective 1 September 1973. We express no opinion in relation thereto and observe that this case is decided on the basis of the law as it existed at the time of trial.

 We hold that the defendant, having been tried and found not guilty by reason of insanity, comes within a reasonable classification of persons who may be released from further hospitalization for his mental illness when he establishes in a jury trial that he is no longer a danger to himself or to others. We hold that the procedures available to such a person are realistic, that they are based upon a reasonable classification, and that they do not deprive him of the due process of the law even though they differ from the procedures set forth in Title 36.

Affirmed.

DONOFRIO, P. J., and OGG, J., concur.