530 P.2d 368

In the Matter of James **BURCHETT**, Prisoner-patient at the Arizona State Hospital.

The **STATE** of Arizona ex rel. the **DEPARTMENT OF CORRECTIONS** and the Arizona State Hospital, Appellants and Cross-Appellees,

v.

James **BURCHETT**, Appellee and Cross-Appellant.

No. 2 CA–CIV 1614.

Court of Appeals of Arizona, Division 2.

Jan. 14, 1975.

Rehearing Denied Feb. 13, 1975.

Review Denied March 25, 1975.

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Cleon M. Duke, Jr., Patrick M. Murphy, and Gerald Gaffaney, Asst. Attys. Gen., Phoenix, for appellants and cross-appellees.

Lewis & Roca by Paul G. Ulrich and Gordon Campbell, Phoenix, for Appellee and cross-appellant.

## OPINION

HOWARD, Chief Judge.

On October 10, 1972 the Superintendent of the Arizona State Prison filed a petition with the Pinal County Superior Court requesting that an examination be made to determine the mental health status of James Burchett. On October 16, 1972, the court held a hearing pursuant to A.R.S. § 36–514, as amended laws 1958, to receive evidence regarding whether or not James L. Burchett was "mentally ill" and should be committed to the Arizona State Hospital. The court heard the testimony of two psychiatrists and the proposed patient. The psychiatrists who testified were the designated examiners appointed by the court, Dr. Warren Gorman and Dr. Maier I. Tuchler. The committing court did not require and did not receive the testimony of "two or more witnesses acquainted with the proposed patient at the time of the alleged mental illness" as required by A.R.S. § 36–514(B), added laws 1958. Burchett was subsequently transferred to the State Hospital.

On May 29, 1973, the State Hospital filed with the Pinal County Superior Court a petition requesting that the court issue an order to terminate the hospitalization of James Burchett at the State Hospital and return him to the Arizona State Prison. The petition alleged that James Burchett was not mentally ill, and therefore was not entitled to continued hospitalization at the Arizona State Hospital. Pursuant to that petition, the court issued a notice of hearing setting June 29, 1973, as the date for a hearing in connection with the hospital's petition. On June 29, 1973, the hospital also filed a motion to set aside the original order of commitment dated October 16, 1972, for the reason that the committing court lacked jurisdiction to commit Burchett to the State Hospital since it did not require or obtain the testimony of "two or more witnesses acquainted with the proposed patient at the time of the alleged mental illness".

At the hearing on June 29, 1973, five psychiatrists testified as to the mental condition of James Burchett. After the hearing the court ruled among other things that jurisdiction over Burchett should be transferred from the Arizona State Hospital to the Department of Corrections. A final order prepared by Burchett's attorney was signed on October 1, 1973, in which Judge Mahoney found that James Burchett was not mentally ill as that term is defined by Arizona statutes and ordered that jurisdiction over Burchett be transferred from the State Hospital to the Department of Corrections. The Director of the Department of Corrections, who was not a party to the action, was ordered to seek suitable placement for Burchett other than at Arizona State Prison apparently because of some personal danger to him as the result of possible attacks by other inmates.

The order further denied the State Hospital's motion to set aside the original order of commitment, stayed the effective date of the order and ordered the hospital to retain custody of Burchett in order to allow Burchett "an opportunity to pursue his arguments concerning the constitutionality of A.R.S. § 31–224(D) before the United States District Court in the matter now pending there."[1] On November 14, 1973 the Pinal County Superior Court, by stipulation, delayed the finality of the court's October 1, 1973 order to December 31, 1973.

The Arizona State Hospital appeals the refusal to set aside the original commitment order and the Department of Corrections appeals the aforementioned order of October 1, 1973. James Burchett has filed a cross-appeal.

Although many issues are presented by the respective parties we find one issue dispositive of the main issues involved in this appeal and the cross-appeal.

A.R.S. § 36–514(B) provided:[2]

"B. The judge shall require *two or more witnesses acquainted* with the proposed patient at the time of the alleged

---

1. Burchett's appeals from the Federal District Court were dismissed as moot on July 11, 1974.

2. See now A.R.S. § 36–539(B).

mental illnes to be summoned for the hearing and examination, who shall be examined on oath as to the conversation, manners and general conduct of the proposed patient. The judge *shall also* appoint and require two or more designated examiners to be present at the examination. *On the basis of the testimony and a personal examination* of the proposed patient, *the designated examiners shall make a written statement under oath* stating their opinion as to the mental health of the proposed patient, whether he has a mental illness likely to be dangerous to himself or to the person or property of others if he is permitted to be at large, and whether the mental illness is likely to be temporary or permanent." (Emphasis added)

 The only persons who testified at the original commitment hearing were the two examining physicians. Appellee claims the statute was satisfied since these physicians were also acquainted with Burchett and any procedural irregularity was waived by Burchett. Appellee also contends that his position has validity since the statute does not expressly state that the doctors cannot also be the witnesses. We do not agree. The statute is quite explicit in requiring the testimony of two witnesses other than the examining physicians. This requirement is jurisdictional. Cf. State v. De Vote, 87 Ariz. 179, 349 P.2d 189 (1960); "The Administration of Psychiatric Justice: Theory and Practice in Arizona", 13 Ariz. L.Rev. 1, 15 (1971). It cannot be waived. Proceedings to adjudicate a person mentally incompetent must be conducted in strict compliance with statutory requirements. Failure to do so renders the proceedings void. Blevins v. Cook, 66 N.M. 381, 348 P.2d 742 (1960). Appellee's further position is without merit under the doctrine of *expressio unius est exclusio alterius.*

The order finding Burchett to be mentally ill and committing him to the Arizona State Hospital is void.

Appellee claims that appellant Arizona State Hospital has no standing to question the validity of the order. We do not agree. The hospital does not have to accept a patient under a void order. The fact that it did not appeal from the commitment order within the time required for appeals is of no moment. It can be attacked at any time.

The order of the court which instructed the director of the Department of Corrections to find a suitable place for Burchett, other than the State Prison, was also void since the director was never made a party to the hearing.[3]

The order of commitment dated October 16, 1972, and the order of October 1, 1973 are set aside, and the cross-appeal is dismissed as moot.

HATHAWAY and KRUCKER, JJ., concur.

---

3. Appellee concedes this point.